## GILBERT V. MOSIER.

1. INSTRUCTIONS. An instruction which is not applicable, should be refused by the court.

2. SWORN PLEADINGS. Under the Code of 1851, an answer under oath was evidence only as to those allegations which were responsive to the petition.

3. TENDER OF A DEED. When the party to whom the tender of a deed is made makes no objection to the terms of the instrument tendered, or fails to specify the kind of a deed he is willing to accept, defects therein will be considered as waived.

*Appeal from Boone District Court.*

MONDAY, APRIL 15.

ACTION on a promissory note. The material facts are stated in the opinion of the court.

*James M. Ellwood* for the appellant, as to the sufficiency of the tender of the deed, cited *School District No. 2* v. *Rogers*, 8 Iowa 316, and the cases there cited.

*John A. Hull* for the appellee.

BALDWIN, J.—The plaintiff seeks to recover upon a note given by defendant in consideration of the sale to him of a certain tract of land. The defendant, in his answer, claims that the plaintiff had failed, prior to the commencement of the suit, to tender him a deed for the land purchased, and

also claims that the land was not of the value as represented by plaintiff.  Upon issue joined and trial by a jury, a judgment was rendered for plaintiff, from which defendant appeals.

I.  The appellant's first assignment relates to the refusal of the court to instruct the jury that the whole of the answer of defendant, being under oath as required by the petition of plaintiff, should be of equal weight to that of a disinterested witness, including that portion which sets up new matter, as well as that which was responsive to the petition.  The petition is not sworn to, nor does it call for an answer under oath.  It appears by the bill of exceptions that the amended petition did at one time call for the answer of defendant under oath; but it also appears that the plaintiff, upon his own motion, caused that portion which called for such answer to be stricken out.  To this ruling the defendant excepted, but this is not assigned as error and will not be considered.  The petition as thus amended does not require an answer under oath; hence the instruction asked was not applicable and was properly refused.  The court however did instruct the jury to regard that portion of defendant's answer responsive to the averments of the petition as evidence, but directed them to not so regard that portion of the answer which set up new matter.  This is as far as the court could have gone, had the answer been called for under oath, and the defendant was therefore not prejudiced,  See 6 Iowa, 137 ; 2 Johns. Ch. 62, note.

II.  The instructions asked by the defendant in relation to the tender of the deed were properly refused.  The plaintiff does not seek to recover without having first tendered a deed for the lands sold.  The issue made by the pleadings relate to the sufficiency of the deed tendered.  The plaintiff in his petition avers a tender.  The defendant claims that the description of the land in the deed not correspond with that in the bond; that the deed calls for more land than the plaintiff agreed to convey; that the bond calls for thirty-one

acres and over; that the deed tendered calls for seventy acres and upwards. Supposing that the deed first tendered was defective, had the defendant, by his actions, placed himself in such a position as would enable him to say that the plaintiff had failed to tender a deed for the land purchased, and to insist upon the instructions asked? It appears from the evidence that before the plaintiff commenced his action he had tendered to defendant a deed; that when it was so tendered, defendant replied that he " did not want it, that the deed was not correct, that he had given too much for the land."

Under the provision of our statute in relation to tender, the party to whom it is made must make any objection which he may have to the instrument, money or property tendered, or he will be deemed to have waived it. If the objection is to the terms of an instrument, he must specify the kind and the terms which he requires, or be precluded from objection afterwards. The plaintiff tendered to defendant a deed containing forty acres more than he had agreed to convey; the defendant refused to accept it, saying that " it is not correct, that he did not want it, that he had paid too much for the land;" and holding the bond with a correct description of the land, failed to advise the party making the tender wherein it was defective, or the kind he would accept. We think, by his conduct he was precluded from afterwards objecting to the tender. But plaintiff, by his amended petition, tenders a deed correcting the defect in the one he tendered before the commencement of his action. What terms were imposed by the court when permitted to amend does not appear. It may have been upon payment of all costs. If so, how was the defendant prejudiced?

III. The third instruction was properly refused. This relates to the sufficiency of the second deed tendered. Holding as we do that the first tender was good unless its terms were objected to by defendant at the time, it was immaterial whether this instruction was given or refused.

IV. The court did not err in refusing and in modifying the instructions asked by defendant in relation to the false and fraudulent representations of plaintiff as to the quality of the land. Conceding that the instruction asked contains a correct rule, unless it was applicable under the pleadings and evidence, it should have been refused. There is not a particle of evidence, unless it is the answer of defendant, (which is claimed by defendant as evidence of the same weight as a disinterested witness,) to show any representations made by plaintiff of any character whatever. As we have before stated, the plaintiff, by his pleading as it now appears of record, did not call for an answer under oath; therefore it cannot be considered as evidence. The motion for a new trial raises the questions already determined.

Judgment affirmed.