Julia M. Nolan, Appellant, v. Michael Foley, Appellee.

**Real property:** CONTRACT OF SALE: FORFEITURE: TENDER: WAIVER.
1  Where the vendor of property under a contract providing for
   forfeiture for nonpayment served notice of forfeiture, and upon
   tender within the statutory period of the amount believed by the
   purchaser to be due on the contract made no objection to the
   amount, but insisted upon the forfeiture and refused the sum of-
   fered, there was a waiver of the right to further object to the
   amount tendered.

**Same:** RENTS AND PROFITS: ACCOUNTING.  Where the vendor of prop-
2  erty has lost the right to forfeit the contract, but wrongfully in-
   sisting thereon goes into possession, he must account to the pur-
   chaser for the rents and profits; and the court should determine
   the amount due under the contract, order payment thereof within
   a specified time, or in default of payment order foreclosure of
   the purchaser's interest.

*Appeal from Polk District Court.*—Hon. James A. Howe,.
Judge.

Tuesday, March 16, 1909.

Suit to recover the possession of certain real estate, for
an accounting of money had and received by defendant as
payments upon a contract for the purchase of real estate,
and for rents and profits of the land during the time de-
fendant was in the possession thereof.  Decree dismissing
plaintiff's petition, and she appeals.—*Reversed* and *re-
manded.*

*W. R. Hart,* for appellant.

*Brett & Porter* and *George C. Fancher,* for appellee.

Deemer, J.—On February 11, 1902, defendant, as

party of the first part, and plaintiff, as the second party, made and entered into a written contract, whereby defendant agreed to lease to plaintiff the real estate in controversy for the sum of $1,050, payable $100 in cash and the sum of $10 per month thereafter until the whole with interest was fully paid. Plaintiff was also to pay all taxes and assessments against the land, and to keep the property insured for the sum of $500. The written contract also contained these provisions:

And it is expressly agreed by and between the parties hereto that the time and times of payment of said sums of money, interest and taxes aforesaid is the essence and important part of the payments or agreements above mentioned to be performed by the party of the second part in consideration of the damage, injury and expense thereby resulting or that may be incurred by or to the party of the first part thereby, this agreement shall be void and of no effect, and the party of the second part shall have no claim in law or equity against the party of the first part, nor to the above-mentioned real estate, nor any part thereof, and any claim or interest or right the party of the second part may have had hereunder up to that time by reason hereof, or of any payments or improvements made hereunder, shall on all such default cease and determine and become forfeited, without any declaration of forfeiture, re-entry or any act of the party of the first part. And if the party of the second part, or any other person or persons, shall be in possession of said real estate, or any part thereof, he or they will peacefully remove therefrom, or in any default thereof he or they may be treated as tenants holding over unlawfully after the expiration of a lease, and may be ousted and removed as such. But if such sums of money, interest and taxes are paid as aforesaid, promptly and at the time as aforesaid, the party of the first part will, on receiving said money and interest, execute and deliver at his own cost and expense, a warranty deed of said premises as above agreed, and abstract of title.

On February 27, 1905, defendant caused the following notice to be served upon plaintiff and her husband:

Des Moines, Iowa, February 27, 1905. Mrs. Julia M. Nolan and James M. Nolan, her husband: You are hereby notified that the lease agreement made and entered into on the 11th day of February, 1902, on the following described property, to wit: The south 33¾ feet of lot number eighteen (18) of the official plat of the northwest quarter of the northwest quarter of section four (4), township seventy-eight (78), range twenty-four (24), now included in and forming a part of the said city of Des Moines, Iowa, by and between Michael Foley, party of the first part, and Julia M. Nolan, party of the second part, is null and void for default in monthly payments. Michael Foley.

Plaintiff was in actual possession of the property until September of the year 1902, when she moved to Maloy, Iowa, and thereafter she rented it to various parties, until about February of the year 1905, when defendant directed her then tenant, a Mrs. Smith, not to pay her any more rent. Defendant moved into the property and occupied it with Mrs. Smith until about April of the year 1905, when Mrs. Smith left the property, leaving it in the full possession of the defendant. On the trial defendant conceded that plaintiff had made all payments called for by her lease until September 24, 1904, except the ones due in March and August of that year. On March 1, 1905, plaintiff caused the following notice to be served upon the defendant:

To Michael Foley: I hereby tender you the sum of fifty dollars ($50) in full of amount due you to this date on contract of sale with Julia M. Nolan for the south thirty-three and three-fourths (33¾) feet of lot 18 of the official plat of the southwest quarter of the southwest quarter section 4-78-24, in and part of the city of Des Moines, Iowa. This tender is made for the purpose of keeping said contract in full force and effect and should you fail to accept the above money on the date of the service of this notice, this tender will be kept good and money held subject to your order at the office of R. G. Patton, 804 Observatory Building, Des Moines, Iowa.

A tender of the money was actually made at that time, but defendant refused to accept it, claiming that the contract of lease or sale had been canceled. This action was commenced on February 23, 1906. The trial court found that plaintiff had forfeited all her right, title, or interest in and to the property, and dismissed the petition.

For appellant it is contended that defendant never legally forfeited the contract of sale, that plaintiff made a proper tender of all that was due under the contract, and is willing to pay whatever amount the court finds is yet due, and that she is entitled to a specific performance of her contract. On the other hand, it is insisted that the contract was properly forfeited, that plaintiff has never offered or tendered the amount due on her contract, and that the petition was properly dismissed.

Code, sections 4299, 4300, read as follows:

Sec. 4299. Any contract hereafter made for the sale of real estate in the State of Iowa, and which provides for a forfeiture of the vendee's rights therein upon the happening of certain conditions, shall not be forfeited or canceled unless thirty days before a declaration of forfeiture is made, a written notice be served upon the vendee . . . which notice shall be served in the same manner and by the same parties authorized to serve original notices, and shall contain a declaration of an intention to forfeit said contract, and the reason therefor.

Sec. 4300. For the period of thirty days after service of said notice the vendee or those claiming under him may discharge any unpaid payments and costs of service of notice of forfeiture or perform any conditions broken, and if said payments are made or conditions broken are performed within said period of thirty days, the right to forfeit for such defaults occurring before said notice was served is terminated.

Defendant gave the notice above set forth February 27, 1905, and on March 1st plaintiff gave the written notice of tender, and also offered defendant $50 in money, which

he, defendant, refused to receive because he claimed the contract had been forfeited. He did not ob-

1. REAL PROPERTY: contract of sale: forfeit-ure: tender: waiver.

ject to the amount tendered, but claimed a forfeiture of the contract, and that he would have nothing more to do with the plaintiff. He now claims that $70 was due at that time. It is admitted that plaintiff did not pay the taxes for the years 1905 or 1906, and that she did not offer to pay any. It is admitted that plaintiff was actually owing defendant at the time the tender was made $70, instead of $50, and it also appears without controversy that defendant did not object to the amount, but claimed a forfeiture of the contract. The testimony further shows that at the time he served the notice of forfeiture upon plaintiff he also notified plaintiff's tenant not to pay her any more rent; that he was the owner of the property. He engaged a room and board with the tenant, Mrs. Smith, and, when Mrs. Smith moved out April 1, he remained in the possession of the premises, and claimed to be the owner thereof. Taking all of the testimony together, we are clearly of opinion that defendant regarded the contract as forfeited upon the giving of the notice, and that he thereafter denied all rights of plaintiff, and refused to accept the tender because of the claim of forfeiture. Since April 1, 1905, defendant has received rent for the property at the rate of $12.50 per month. When plaintiff made her tender to defendant, she honestly believed that she was offering him all that she owed. Defendant raised no objection to the amount, but claimed that the contract had been forfeited, and refused to accept the money.

Objections other than those interposed at the time the tender was made were waived. *Gilbert v. Mosier,* 11 Iowa, 498.

Conceding *arguendo* that the notice given by defendant was a sufficient compliance with section 4299, providing for a written notice of an intended declaration of for-

feiture, we think the tender made by the plaintiff of the amount which she claimed was due amounted to a performance under section 4300, and that as no subsequent declaration was made, but defendant went into possession and took the rents and profits, he must be held to an accounting, not only of the amount received from plaintiff, but from all other sources. Upon such an accounting being made, a decree will be entered fixing the amount still due and ordering payment of the same within a time to be fixed by the court, or a foreclosure for the amount so found to be due, as provided in sections 4297 and 4298 of the Code. It is impossible for us to make the accounting upon the record before us, and the case must be remanded for that purpose. Upon the whole record, we are impressed with the thought that the contract has not been forfeited, that plaintiff should have an accounting, and that a decree should be entered which will protect both parties.

*2. SAME: rents and profits: accounting.*

The decree will be reversed and the cause remanded for one in harmony with this opinion.—*Reversed* and *remanded.*