Argued April 11, decided April 30; rehearing denied July 30, 1912.

## VANCE v. BLAKELEY.

[123 Pac. 390.]

VENDOR AND PURCHASER—REMEDY OF VENDOR—FORECLOSURE OF LIEN.

1. Under Section 877, L. O. L., which provides that a failure to object to a tender made· at the time amounts to a waiver, where a contract of sale of property provided that the vendor would cause a guardian to be appointed of a minor to whom a portion of the property belonged and secure a conveyance of that interest, the vendees may not object to the sufficiency of a tender of a guardian's deed in an action to enforce the vendor's lien, two years thereafter.

VENDOR AND PURCHASER— FORECLOSURE OF CONTRACT— SUFFICIENCY OF
          TENDER—NECESSITY FOR MAKING.

2. In an action by vendor of mining and farm property to have the equitable interest of the vendee barred and foreclosed, the vendee cannot complain that a guardian's deed of a portion of the property tendered according to the agreement was insufficient, as the vendor is not bound to tender performance before suit.

VENDOR AND PURCHASER—VENDOR'S LIEN—STRICT FORECLOSURE.

3. A decree of strict foreclosure in favor of a vendor under a contract for the sale of lands will be entered only where demanded by the equities, as the court may also decree a foreclosure and sale in the ordinary way.

VENDOR AND PURCHASER—VENDOR'S LIEN—STRICT FORECLOSURE.

4. Where, in an action by a vendor to foreclose the equitable interest of a vendee in a contract for the sale of mining and farm property, it appears that though the vendee had made no willful default there had been no tender or offer to make overdue payments, and the property consisted of a number of mining claims that required annual assessment work, water rights and ditches, mining machinery and 'electric light plant, house and farm equipments, and some live stock, a class of property whose advantageous sale on execution would be doubtful, a strict foreclosure with a nine months' period for redemption was the proper relief.

From Jackson: FRANK M. CALKINS, Judge.

Statement by MR. JUSTICE BEAN.

This is a suit by Marie H. Vance and David L. Vance, as guardian of Albert S. Vance, a minor, against Fred J. Blakeley, the Sterling Mining Co., a corporation, the Merchants Investment & Trust Co., trustee, a corporation, and T. N. Barnsdall to foreclose the equitable interest of the vendee in a contract for the sale of certain mining properties in Jackson County, Oregon, known

as the Sturgis mining property. From a decree in favor of plaintiffs, defendants appeal.

On September 20, 1906, the contract was executed by plaintiff Marie H. Vance, to defendant Jefferson D. Heard. At that time Mrs. Vance was the owner of an undivided nine-sixteenths, and Albert S. Vance, her minor child, the owner of seven-sixteenths, of the real and personal property embraced in the contract. By the terms of the contract, Marie H. Vance agreed to sell to Jefferson D. Heard, or to his assigns, all the mining property described in an exhibit attached to the complaint, for the sum of $50,000; by the payment of $25,000 on or before December 20, 1906, and the balance on or before December 20, 1907, without interest; or at his option, by the payment of $20,000 on or before December 20, 1906, $20,000 December 20, 1907, and $10,000 December 20, 1908, with interest at 6 per cent per annum, payable annually, upon all deferred payments, after the date of the first payment. The option to make payments according to the latter method was exercised by defendants. Mr. Heard agreed to deposit $250 in the Jackson County Bank, at Medford, Oregon, within five days from the date of the agreement; such sum to be forfeited if he failed to pay the first installment. This was never so deposited. The contract was executed in triplicate. The original was to be left at the Jackson County Bank, which was authorized to receive payments thereunder, and, upon payment in full, to deliver the deeds to Heard or to his assigns. Jefferson D. Heard was the manager of the Sterling Mining Company, and Fred J. Blakeley, president of such corporation. It appears that the purchase money was furnished by T. N. Barnsdall of Pittsburg, Pennsylvania, for whom defendants Heard and Blakeley acted. The following payments were made upon the contract: December 10, 1906, $5,000; February 8, 1907, $15,000; March 3, 1908, $2,500; March 4, 1909, $1,000; July 30,

1909, $5,000—total $28,500, leaving a balance of $26,-347.85, including interest to date of trial. By the terms of the contract, Mrs. Vance agreed to cause a guardian to be appointed by the county court of Jackson County, to represent the interest of Albert S. Vance, the minor, and as soon as proceedings could be taken authorizing such guardian to execute a deed conveying the interest of the minor, to have that deed, together with the deed of Mrs. Vance, placed in escrow in the bank for delivery upon final payment. In the event that the first install-ment of the purchase price was paid before the guardian's deed was so deposited, such payment should remain in the bank until the deposit was made. It was expressly provided that time should be of the essence of the con-tract as to the payment of each installment. Upon default, the vendor should have the right to take possession of the property, and all sums paid by the party of the second part or his assigns should be immediately forfeited. The contract of sale was afterwards assigned by Jefferson D. Heard to Fred J. Blakeley, who states that he holds the same as truetee for defendant T. N. Barnsdall. This defendant answered, denying many of the allegations of the complaint, and affirmatively alleging that plaintiff Marie H. Vance failed to procure any conveyance of the interest of the minor, Albert S. Vance, except a void deed to F. J. Blakeley; and that the deed by David L. Hyatt, guardian of such minor, was made at a pretended private sale of the estate of the minor, without authority of law.

MODIFIED.

For appellants there was a brief with oral arguments by *Messrs. Smith & Beckwith.*

For respondents there was a brief over the names of *Mr. Allen E. Reames, Mr. Alva O. Condit,* and *Mr. Charles A. Park,* with oral arguments by *Mr. Condit* and *Mr. O. C. Boggs.*

MR. JUSTICE BEAN delivered the opinion of the court.

It appears from the record in this case that on October 1, 1906, David L. Hyatt was appointed by the county court of Jackson County as the guardian of the estate of Albert S. Vance, minor, and thereafter petitioned the county court for an order to sell the minor's interest in the property described in the complaint at a private sale. The property was sold by the guardian on February 25, 1907, to the defendant Fred J. Blakeley, for $21,875, pursuant to the order of the county court. This sale was confirmed, and a guardian's deed, conveying said property, ordered executed on March 21, 1907. This deed was placed in the Jackson County Bank, together with the deed from Marie H. Vance of her interest in the property, to be delivered according to the terms of the agreement. These deeds remained at the bank until October, 1909, and different payments were made by defendants through the bank, pursuant to the terms of the contract. No objection was made to these deeds by either of the defendants at any time until the answer was filed in this case.

1. Under the provision of Section 877, L. O. L., it was the duty of the defendants, when the guardian's deed was tendered into the bank as agreed, to specify any objection they had to that instrument within a reasonable time. After a period of about two years had elapsed, no such objection having been made, they were precluded from objecting. *Gilbert* v. *Mosier*, 11 Iowa 498; *Torrey* v. *Thayer*, 37 N. J. Law 339.

2. Moreover, in a suit to enforce the right of the vendor to have the equitable interest of the vendee in a contract of sale barred and foreclosed, it was said in the case of *Security Savings Co.* v. *Mackenzie*, 33 Or. 209, at page 212 (52 Pac. 1046, at page 1047): " * * While in such case there is a conflict in the authorities, it is believed to be the better rule that a failure to tender performance

before suit is no defense"—citing *Freeson* v. *Bissell*, 63 N. Y. 168.

3. The granting of a decree of strict foreclosure by the trial court is assigned as error. It is contended by counsel for defendants that the amount paid by defendant T. N. Barnsdall should require the court to order a sale of the property so that Barnsdall might receive back some of the money he paid; and that the time for redemption fixed by the trial court was inequitable.

In *Security Savings Co.* v. *Mackenzie,* 33 Or. 209 (52 Pac. 1046), it is announced that in such a suit the court may either decree a strict foreclosure or a sale of the land as the equities of the case may suggest, citing *Vail* v. *Drexel,* 9 Ill. App. 439.

The plaintiffs, by instituting a suit for a strict foreclosure, recognize the contract as still subsisting, for the purpose of the suit is to get rid of the equity of the vendee and his assigns. The plaintiffs thereby admit that the vendee has an equity in the premises, which, by the terms of the contract, were agreed to be conveyed, but claim that the same should be foreclosed by reason of the nonfulfillment of the stipulations therein upon the part of the vendee. Mr. Story says:

"The usual course of enforcing a lien in equity, if not discharged, is by a sale of the property to which it is attached." 2 Story's Equity Jurisprudence (13 ed.), § 1217.

While it has been settled in this State that in a proper case a decree of strict foreclosure of such a contract may be rendered, it does not follow that the court will always decree such a foreclosure. It may also decree a foreclosure by a sale of the land in the ordinary way, although the title has not passed from the vendor. *Security Savings Co.* v. *Mackenzie,* 33 Or. 209 (52 Pac. 1046); *Vail* v. *Drexel,* 9 Ill. App. 439.

In *Flanagan Estate* v. *Great Cent. Land Co.,* 45 Or. 335 (77 Pac. 485) ; Mr. Justice WOLVERTON discusses the question of equities in a similar case. After referring to several authorities, among them *Harrington* v. *Birdsall,* 38 Neb. 176 (56 N. W. 961), he says:

"Thus we find that strict foreclosure is the exception, not the rule; but, if required by the equities of the case, the court will not hesitate to enforce it."

In *Sievers* v. *Brown,* 34 Or. 454, Mr. Justice MOORE, at page 458 (56 Pac. 171, at page 172: 45 L. R. A. 642), said:

"The justice of the rule, announced in England and followed in Wisconsin, may well be doubted, and particularly so when the vendor has received a large portion of the purchase money; in which case equity would seem to demand that the premises be sold to satisfy the balance due on the contract, upon the payment of which the vendee should be entitled to the remainder of the money derived from such sale."

4. In the case at bar, the only information found in the record as to the value of the property embraced in the contract is the stipulated price. The amount of the equity of the vendee is large, and nearly equal to the amount claimed by plaintiffs to be due on the agreement. Since the commencement of this suit, plaintiffs have had a representative placed in possession of the property, and their rights are fully protected. On the other hand, there are embraced in the contract of sale 29 mining claims that require annual assessment work to be performed, water rights and ditches, and a large amount of other property, consisting of mining machinery, electric light plant, house and farm equipments, and some live stock, all of which it is asserted need care and attention, necessitating the expenditure of a large amount of money to preserve the same. The vendee does not appear to have made any willful default in the performance of

the agreement. While it is conceded that he still has an equity in the premises, he has not tendered or offered to make the overdue payments, but stands upon technical defenses, at the same time insisting on the broadest equities. The conditions differ from those that ordinarily exist in foreclosure cases. Taking into consideration the interests of all the parties, and deeming it doubtful if this class of property would sell upon execution sale, except at a great sacrifice, we conclude that it would not be inequitable to grant a strict foreclosure in the present case, allowing the vendee reasonable time under the circumstances to make the required payments. There appears to be no positive rule as to what time is reasonable.

Upon a careful consideration of all the circumstances of this case, we think that defendants should be allowed nine months after the entry of the mandate in the lower court, in which to pay the amount found due upon the contract. The trial court allowed 90 days from the date of the decree for such payment. In this respect the decree of the lower court will be modified. In all other things it is affirmed. Neither party will recover costs in this court.                                   MODIFIED.