Argued February 18, affirmed March 7, 1916.

## LYONS v. CHAFFEE.

(154 Pac. 688.)

**Vendor and Purchaser—Construction and Operation of Bond for Deed.**

1. A bond for a deed transfers the equitable title to the obligee, leaving in the vendor the legal title as security for the purchase price and interest.

**Vendor and Purchaser—Remedies of Vendor—Strict Foreclosure.**

2. In a suit for strict foreclosure of a vendee's equitable title under bond for deed on account of noncompliance with the contract, it is unnecessary for the vendor to tender a deed and demand the price as a condition precedent to the suit.

**Vendor and Purchaser—Remedies of Vendor—Strict Foreclosure.**

3. Where a purchaser has broken the terms of a bond for deed by failure to pay installments of interest, the court, in a suit by the vendor for strict foreclosure, may require the payment of the whole price as a condition of avoiding the foreclosure.

> [As to right of vendor to recover possession after default by purchaser, see note in 107 Am. St. Rep. 722.]

From Hood River: WILLIAM L. BRADSHAW, Judge.

Department 1. Statement by MR. JUSTICE McBRIDE.

This is a suit by Electa Helen Lyons against Charles J. Chaffee, in the nature of a strict foreclosure of the rights of the defendant under bond for a deed, which reads as follows:

"Know all men by these presents, that we, Electa H. Lyons and Elmer E. Lyons, wife and husband, of Forest Grove, Oregon, are held and firmly bound unto C. J. Chaffee, of Hood River, Oregon, in the sum of $3,500, to be paid to the said C. J. Chaffee, his executors, administrators, or assigns, for which payment well and truly to be made we bind ourselves, our heirs, executors and administrators firmly by these presents. Sealed with our seals and dated the 18th day of July, A. D. 1911. The conditions of this obligation are such that if the above bounden obligor shall, on or before the 20th day of July, A. D. 1916, make, execute, and deliver unto the said C. J. Chaffee (provided that the said C. J. Chaffee, shall on or before that day have paid to the said obligor the sum of $2,500 gold coin of the United States of America, together with interest thereon at the rate of seven (7) per cent per annum, payable semi-annually, in like gold coin, at the Butler Bank, Hood River, Oregon), a good and sufficient deed of all the certain lot, piece or parcel of land, situated in the county of Hood River and State of Oregon and bounded and described as follows, to wit: Beginning at a point one rod south from the northwest corner of the southeast quarter of section sixteen in township two, north range ten, east of the Willamette Meridian; running thence south 25 rods; thence east 32 rods; thence north 25 rods; and thence west 32 rods to the place of beginning, containing five acres. Also a strip of land about one rod wide and 32 rods long along the north line of the above described tract (being a strip of land lying between the above described tract and the center section line running east and west); to be used for road purposes; and also a right of way

along the north line of tract first above described for irrigation ditch, or flume, or pipe-line. And shall thereby convey the title in fee simple of said premises free and clear of all encumbrances to the said C. J. Chaffee, then this obligation shall be void; otherwise to remain in full force and virtue.

> "ELECTA H. LYONS.   (Seal)
> "ELMER E. LYONS.   (Seal)"

The complaint alleged nonpayment of two installments of interest and prayed that defendant's interest in the property be foreclosed. There was a general demurrer to the complaint, which was overruled, and the defendant given ten days in which to answer. It incidentally appears that an answer was filed and testimony taken, but the answer is not brought up; defendant depending here upon the sufficiency of his demurrer. There was a decree for plaintiff. The defendant, being dissatisfied, appeals.      AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. S. W. Stark.*

For respondent there was a brief and an oral argument by *Mr. George R. Wilbur.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The bond for a deed transferred the equitable title in the property to defendant, leaving in the vendor the legal title as security for payment of the purchase price and interest according to its terms: *Knott v. Stephens,* 5 Or. 235, 240; *Burkhart v. Howard,* 14 Or. 39 (12 Pac. 79); *Security Savings etc. Co. v. Mackenzie,* 33 Or. 209 (52 Pac. 1046); *Coles v. Meskimen,* 48 Or. 54 (85 Pac. 67); *Flanagan Estate v. Great Central Land Co.,* 45 Or. 335 (77 Pac. 485); *Wollenberg v. Rose,* 41 Or. 314

(68 Pac. 804) ; *Miles* v. *Hemenway,* 59 Or. 318 (111 Pac. 696, 117 Pac. 273).

2. The instant case is not a suit to rescind a contract, but to foreclose plaintiff's lien upon the property, or rather to foreclose defendant's equitable title on account of noncompliance with the contract. This distinction is noted in *Security Savings etc. Co.* v. *Mackenzie,* 33 Or. 209 (52 Pac. 1046), where it is held unnecessary for the vendor to tender a deed and demand the purchase price as a condition precedent to maintaining a suit of this character: "It is claimed that the complaint should be dismissed, because there is neither allegation nor proof that plaintiff ever offered to perform their part of the contract. A sufficient answer to this contention is that the case at bar is neither a suit for the specific performance of the contract nor for the rescission or cancellation thereof, but one to enforce the right of the vendor to have the equitable interest of the vendee barred and foreclosed; and while in such case there is a conflict in the authorities, it is believed to be the better rule that a failure to tender performance before suit is no defense."

3. Plaintiff's lien upon the property, while not strictly a mortgage, is a lien in her favor in the nature of a mortgage upon defendant's interest in the property; and defendant's contract being broken by a failure on his part to pay the installments of interest, by analogy to the statute for the foreclosure of mortgages and other liens upon real property (Section 430, L. O L.), we think it was competent for the court to require the payment of the whole purchase price as a condition of avoiding the effects of a foreclosure. Such seems to be the rule in suits for strict foreclosure to enforce vendor's liens, to which this pro-

ceeding is analogous: *Gray* v. *Hill,* 105 Mich. 189; *Dellinger* v. *Foltz,* 93 Va. 729 (25 S. E. 998); *Harrington* v. *Birdsall,* 38 Neb. 176 (56 N. W. 961). Strict foreclosure is a matter resting in the sound discretion of the court, which may impose such equitable restrictions as it deems proper upon the right to redeem. We do not think that it was inequitable to require the defendant to discharge the whole debt and thereby obviate the probable necessity of plaintiff bringing a second suit when the subsequent payments become due. The decree is affirmed.                    AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.