Argued October 21, reversed and remanded November 25, 1953

# ZUMSTEIN *v.* STOCKTON ET UX.

264 P. 2d 455

*William E. Dougherty,* of Portland, argued the cause and filed a brief for appellant. With him on the brief was Robin D. Day, of Salem.

*W. T. Hollen,* of Newport, argued the cause and filed a brief for respondents. With him on the brief was A. R. McMullen, of Newport.

Before LATOURETTE, Chief Justice, and ROSSMAN, LUSK, BRAND and PERRY, Justices.

BRAND, J.

The plaintiff Zumstein brought suit as the successor in interest to the vendor in a contract for the sale of real and personal property. The defendants Stockton are the vendees. The trial court held that the defendants were not in default at the time of the filing of the complaint; that the plaintiff, by his complaint had rescinded the contract; and that the defendants had elected to agree to the rescission. The court therefore entered a decree adjusting the mutual rights of the parties on the theory of a mutual rescission. The plaintiff appeals.

The construction and legal effect of the pleadings will be determinative of the case. The complaint alleges that the plaintiff was the owner of the property; it sets forth the contract of sale and purchase; the defaults in payment by the defendants, together with other failures to perform according to the terms of the contract. It then alleges that "plaintiff has elected and does now elect to terminate the contract entered into by and between his predecessor, William E. Coleman, and the defendants, and does declare the same at an end." The defendants contend that by the foregoing election the plaintiff, in legal effect, declared a forfeiture.

The next paragraph of the complaint alleges "That $1500.00 is a reasonable sum to be allowed plaintiff as attorneys fees for instituting this suit to foreclose on the contract herein marked 'Exhibit A'." The prayer of the complaint is for a decree determining the amount of the unpaid balance of purchase price and interest, and that the same be paid by the defendants to the clerk of the court within 15 days from the time of the entry of the decree or within such time as the court may adjudge reasonable; that the plaintiff forthwith deliver to the clerk for the defendants a deed conveying the

premises to defendants, to be delivered if the unpaid balance and attorney's fees are paid by the defendants to the clerk for the plaintiff, but in case default should be made in payment of the required sums within the time specified in the decree, the prayer is that the defendants be strictly barred and foreclosed of all interest in the property. The defendants filed an answer containing denials and affirmative allegations to the effect that the plaintiff had expressly and impliedly waived the time-essence clause in the contract and had given no notice reinstating that clause. Defendants asserted that plaintiff was estopped from declaring remainder of the purchase price to be due and from foreclosing the defendants of their interest in said premises. The answer then offered to pay all sums due under the terms of the contract. The prayer was for a dismissal of the complaint.

It is clear that the defendants at that time considered the plaintiff's suit to be one seeking foreclosure in equity and that they relied upon equitable principles for their defense. There was no plea in abatement.

On the day of the trial the defendants secured an order permitting the filing of an amended answer which repeated the allegations concerning the waiver by the plaintiff of the time-essence clause and his failure to reinstate the same by notice, and then added an allegation that "plaintiff has elected in his said Complaint to declare said contract null and void * * * and has thereby violated said contract; that as a result of such breach on the part of the plaintiff, defendants are now acquiescing in the recision of said contract." Defendants then prayed for affirmative relief effectuating the alleged mutual rescission. There was still no plea in the nature of abatement.

Our first question is whether the plaintiff wrong-

fully rescinded the contract by the quoted allegation of his complaint. The plaintiff contends that his complaint should be construed as one for strict foreclosure and that he did not declare a forfeiture. The paragraph of plaintiff's complaint which alleges that $1,500 is a reasonable amount to be allowed as attorneys' fees for instituting "this suit to foreclose on the contract" is inconsistent with any theory that the plaintiff had declared a forfeiture. The plaintiff could not claim attorneys' fees unless he was suing upon the contract, and the allegation concerning such fees constituted a recognition that the contract was still in force. Nor is there any ambiguity in the prayer of the complaint. If plaintiff had declared a forfeiture there would be no occasion to ask the court for an adjudication for the balance due. On the other hand, if the suit was for a strict foreclosure, it would be necessary for the trial court to determine the amount due so that the defendant might know the amount which must be paid to avoid strict foreclosure. At the time suit was filed the defendants were in arrears in payment of taxes and purchase price installments under the requirements of the contract, and the trial court so found.

■ The complaint must be construed as one for strict foreclosure. The defendant argues in substance that the prayer is not to be considered as a part of the pleading, and we have held that the prayer is "technically no part of the complaint." *Andersen v. Turpin,* 172 Or 420, 142 P2d 999; *Elliott v. Mosgrove,* 162 Or 507, 91 P2d 852, 93 P2d 1070. But the situation in those cases was unlike that in the one at bar. In the Elliott case it was held that a defective prayer did not prevent the court from awarding the relief warranted by the allegations of the complaint. In the Andersen case it was held that a prayer for greater relief than was war-

ranted by the facts alleged did not make the complaint demurrable.

■ In the case at bar the prayer merits consideration along with the other allegations of the complaint to which we have referred. It shows that the plaintiff is seeking the relief of equity to foreclose an interest which the pleader recognizes as still existing. As said in *Atkochunas v. Gustafson,* 156 Or 126, 129, 66 P2d 1192:

> "The relief sought by strict foreclosure is that the defendants be compelled to comply with the terms of the contract and, upon their failure so to do, that their rights under it be foreclosed and barred.   *   *   .*"

Such a suit is not merely for strict foreclosure. It is for alternative relief in that it asks either for payment or for foreclosure. The relevancy of the prayer in cases of this kind was recognized in *Nielsen v. Baldridge,* 173 Or 555, 565, 146 P2d 754, where this court said:

> "*   *   *   By praying for a foreclosure of the contract, the plaintiff, of course, deemed the contract to be a subsisting one which conferred upon the vendee a correlative right to redemption: [Citing authorities]. By appealing to the equitable jurisdiction, the plaintiff must be deemed to have submitted herself to the court's discretion as to what is necessary, so that justice may be done to all parties under equitable principles   *   *   *."

The fact that a vendor has declared a forfeiture, or that a forfeiture has automatically occurred, does not prevent the vendor from suing for strict foreclosure. The forfeiture is waived when the plaintiff seeks strict foreclosure. Futhermore, the fact that the plaintiff alleges in his complaint that a forfeiture has been or is declared will not prevent the court from awarding a strict foreclosure where that relief is sought.

In *Edwards v. Wirtz,* 167 Or 625, 118 P2d 114, this court held that there was an automatic forfeiture of the vendees' interest under the particular provisions of the contract. Whether we correctly held that the forfeiture was automatic is immaterial, for if it was not automatic it was sufficiently declared when the defendant vendor ousted the purchaser from possession. In either event the case is authority for the proposition that an automatic forfeiture or a declared forfeiture does not of itself prevent the vendee from bringing a suit for strict foreclosure.

In *Turnbow v. Keller,* 142 Or 200, 12 P2d 558, 19 P2d 1089, plaintiff brought suit to forclose the vendee's rights under a contract of sale. Reference to the complaint will show that the plaintiff exercised his option and declared the contract forfeited. As in the case at bar, the plaintiff asked for attorneys' fees and for a strict foreclosure, which was awarded by the decree.

In *Marquardt v. Fisher,* 135 Or 256, 295 P 499, the forfeiture provision was identical to that in the case at bar. The complaint alleged that because of breaches by the vendee "said contract is by the plaintiffs hereby declared null and void and forfeited  *  *  *." In the case at bar the corresponding allegation was, "plaintiff has elected and does now elect to terminate the contract  *  *  *  and does declare the same at an end." We see no substantial difference in the parallel allegations. In the Marquardt case this court construed the suit to be one for strict foreclosure. The court denied plaintiff's prayer for judgment for the balance due on the contract, but ordered a strict foreclosure. See also *Lyons v. Chaffee,* 79 Or 485, 154 P2d 688.

■ Defendants rely upon *Atkochunas v. Gustafson,* supra. That case does not support their contention but it does conclusively establish the rule that suit for strict

foreclosure of a contract brought when the vendee has failed to comply with the provisions for payment is not a disaffirmance of the contract but is one for the enforcement of a contract right which could exist only if the contract is still in force. See also *Flanagan v. Great Cent. Land Co.*, 45 Or 335, 77 P 485.

In *Grider v. Turnbow*, 162 Or 622, 94 P2d 285, the plaintiff filed an original complaint setting forth the contract, the failure of the vendee to comply with its terms, and alleging that the "plaintiff has, and does by these presents declare that the said contract is at an end * * *." There was a time-essence clause in the contract. The prayer was for a strict foreclosure. The answer alleged facts showing a waiver of the time-essence clause and the forfeiture provision, and the failure to reinstate said clause by notice. The answer then alleged that the defendant had claimed a mutual rescission of the contract by reason of plaintiff's election to declare the contract void. The plaintiff had filed an amended complaint prior to the notification of the attempted mutual rescission. This court, by Mr. Justice BAILEY, said:

"What is hereafter said concerning the amended complaint applies with equal force to the original pleading. The amended complaint, although not a model pleading, should be construed as the statement of a cause of suit for strict foreclosure of the contract between the plaintiff and the defendants. It is neither a demand for specific performance nor for the rescission or cancellation of the contract. The relief sought is in effect a decree barring and foreclosing the equitable interest of the defendant in the contract in question: Security Savings & Trust Co. v. Mackenzie, 33 Or 209, 211, 52 P. 1046. The plaintiff, by instituting this suit, recognizes the agreement as still in force. Both in the original and

> amended complaint he alleges that he is ready, able and willing to perform. In the prayer of both complaints he asks for a decree 'to get rid of the equity' of the defendant by barring her forever from any interest in the property. He thereby admits that she has an equity in the premises: Flanagan Estate v. Great Central Land Co., 45 Or, 335, 342, 77 P. 485."

The court pointed out a distinction which appears to have been overlooked in the case at bar. Under any contract which gives the vendor a right to declare a forfeiture, that is, a right which he may but need not exercise, the forfeiture can be effectuated only after reasonable notice given. This must be done whether or not the time-essence clause has been waived. *Epplett v. Empire Investment Co.*, 99 Or 533, 194 P 461; *Grider v. Turnbow,* supra. A forfeiture under a land contract such as the one at bar is not automatic on the occurrence of default. The contract gave the vendor the "right to declare this agreement null and void or foreclose by strict foreclosure in equity". Since the vendor had alternative rights the forfeiture could not be automatic. Some action by the vendor would be required to manifest his choice between the alternative rights, and this must be true regardless of the additional provision that in either of such cases "all the right   *   *   *   of the second party   *   *   *   shall utterly cease   *   *   * and the premises aforesaid shall revert and revest in the first party without any declaration of forfeiture or act of re-entry, or without any other act   *   *   *." Therefore, some manifestation of election to forfeit would be necessary, and under the ruling in *Grider v. Turnbow,* some reasonable notice would be required before the act or word manifesting forfeiture. The aid of equity is not required in order to effect a forfeiture

and will not be given for that purpose. *Flanagan v. Great Cent. Land Co.*, supra, although in a proper suit to quiet title or the like, equity might recognize that a forfeiture at law had been previously effectuated. The option to declare a forfeiture gives to the vendor rights strictly legal in nature. It may be accomplished after reasonable notice by lawfully taking possession of the property or by bringing an action in ejectment. If a vendor prematurely declares a forfeiture, not having given the required notice, the vendee may treat such action of the vendor as a repudiation of the contract and may give notice of election to treat the contract as rescinded. Such is the rule laid down in *Grider v. Turnbow,* supra. But if a strict foreclosure is sought in equity, the rule is different. The court said:

> "* * * If a suit for strict foreclosure is prematurely instituted, the defendant therein has a right to stay the proceeding by a proper plea in abatement: Hawkins v. Rodgers, supra. But the premature bringing of a suit for strict foreclosure does not amount to a repudiation of the contract enabling the vendee to effect a mutual rescission by declaring his election to treat the contract as canceled by the vendor."

It follows, that since the case at bar was brought as a suit for strict foreclosure, there was no repudiation of the contract by the vendor and no right in the vendee to effect a mutual rescission, even if the suit was prematurely brought.

The reason for the rule is apparent. When a plaintiff brings suit for strict foreclosure he submits himself to the jurisdiction of equity and must himself do equity as required by the court. If a vendee who is in arrears on his payments has not received sufficient notice prior to the suit for strict foreclosure, it is within

the power of the court to grant to the vendee a reasonable time under all of the circumstances within which to pay or be foreclosed.

We will briefly consider the cases on which the defendants rely in opposition to the conclusions above stated.

In *Olson v. Pixler,* 138 Or 250, 6 P2d 23, the plaintiff vendor brough suit for strict foreclosure. The time-essence clause had been waived and the suit was brought without proper notice reinstating it. The vendee claimed that the plaintiff had rescinded the contract. This court held that the vendee had acquiesed in the rescission and adjudged the rights of the parties accordingly. The case was explained in *Atkochunas v. Gustafson,* supra, and was expressly overruled in *Grider v. Turnbow,* supra. We shall not repeat what was said in those cases.

*Johnson v. Berns,* 111 Or 165, 299 P 94, 224 P 624, 225 P 727, is not in point. In that case the vendor had prematurely brought a law action for ejectment, thus rescinding the contract.

*Swick v. Mueller,* 193 Or 668, 238 P2d 717, was an action at law by the vendor wherein he sought recovery of real and personal property. The action was prematurely brought and amounted to a rescission in which the vendee acquiesced. The case is not in point.

In *Gray v. Pelton,* 67 Or 239, 135 P 755, also cited by the defendants, the vendee sued for specific performance. The defendant vendor wrongfully attempted to rescind the contract and claimed a forfeiture. This court gave the plaintiff the relief demanded. The case is not in point.

*Cornely v. Campbell,* 95 Or 345, 168 P 563, was an action at law.

One other contention of the defendants deserves

brief notice. They assert that the complaint cannot be deemed one for strict foreclosure because there is no allegation that the plaintiff was ready, able and willing to perform. Notice of such an allegation has been taken by this court in some cases on the theory that it would tend to show that the plaintiff was treating the contract as still in force. But that allegation is not indispensable for the purpose. As we have pointed out, the plaintiff prayed for a decree requiring him to deliver to the clerk for the defendants, a deed "in accordance with the terms of the contract", to be delivered to the defendants if they paid the amount adjudged to be due. This shows that the plaintiff was not seeking for, or relying upon, a forfeiture. This court has three times held that it is unnecessary for a vendor to tender a deed as a condition precedent to maintaining a suit for strict foreclosure. By its decree the court can fully protect the interest of the vendee in this respect. See *Security Savings Co. v. Mackenzie,* 33 Or 209, 52 P 1046; *Vance v. Blakeley,* 62 Or 326, 123 P 390; and *Lyons v. Chaffee,* supra.

■ The plaintiff is entitled to a decree of strict foreclosure. The decree of the trial court purporting to adjust the rights of the parties on the basis of mutual cancelation of the contract is vacated. The contract price of the property was $36,250. The defendants have paid in interest and principal upon the contract amounts in excess of $20,000, and the schedule attached to the complaint shows an unpaid balance as of 20 April 1952 in the sum of $20,908.01. It is claimed that some additional payments have been made. The record also shows that on 21 May 1952 a receiver was appointed for the property, at the request of the plaintiff, and that he was discharged on 7 July 1952, and that his bondsman was then released. This court is without informa-

tion as to the amount of the balance now remaining unpaid on the contract, but it is clear that the defendants have paid thereon a substantial sum and are entitled to a reasonable period of time within which to pay the amount due before being strictly foreclosed. The cause is therefore remanded to the circuit court with directions to ascertain the unpaid balance of principal and interest under the contract, and to enter a decree providing that the said unpaid balance, together with the other items, hereinafter mentioned, be paid to the clerk of the circuit court for the plaintiff within one year from the date of the determination of the amount thereof. The decree shall also provide that the plaintiff shall be directed to deliver to the clerk a deed conveying the premises and property to the defendants in accordance with the terms of the contract, said deed to be delivered to the defendants if they pay to the said clerk for the plaintiff, within the time allowed, the said balance, together with the amount of any taxes paid by the plaintiff, and together with a reasonable attorneys' fee, to be fixed by the court pursuant to the stipulation of the parties. The decree shall further provide that if the defendants fail within the time specified to make the payments as determined by the trial court to be owing, the defendants shall then be barred and foreclosed of all right or interest in or to the said property. The defendants, if not now in possession, are entitled to the possession of the property during the time within which they are permitted to pay or be foreclosed. The plaintiff is allowed costs and disbursements in this court.