[Filed January 10, 1887.]

## C. C. BENDER *v.* J. F. BENDER.

EQUITY—ALLEGATIONS AND PROOF MUST CORRESPOND.—The decree in a suit must correspond with the allegations, as well as the proofs. Hence, where the plaintiff alleges that being the owner of the property in controversy at the time of her marriage, the defendant, her husband, subsequently, by threats and undue influence, caused her to convey it to him, a decree for the plaintiff, based upon a finding that the property was purchased by the joint earnings of the plaintiff and defendant, was deeded to the plaintiff, and afterwards conveyed by her to the defendant without consideration, cannot be upheld.

COSTS AND DISBURSEMENTS.—Allowed to the plaintiff upon the ground that defendant, the plaintiff's husband, was not free from fault in the inception of the controversy, and has property which came to him during the marriage in some sense by the aid of the plaintiff.

CLATSOP COUNTY. Defendant appeals. Affirmed.

XIV. OREG.—23.

*F. D. Winton,* for Appellant.

*C. W. Fulton,* for Respondent.

STRAHAN, J.—This is a suit for a divorce. It was referred to J. Q. A. Bowlby, Esq., to take the evidence and report the same, with his findings of fact thereon, to the court. Upon the filing of the referee's report, the same having been excepted to by the plaintiff was set aside, and the court proceeded to find the facts and make a final decree in said suit. The findings of fact by the court touching the ground for divorce was, that the plaintiff had failed to establish by the evidence any snfficient cause for a divorce, and that the conduct of each of the parties toward each other had been improper. The court therefore dismissed the complaint, so far as concerned the prayer for a divorce; from which part of the decree no appeal has been taken, and no question touching the divorce is now before us on this record.

The plaintiff's complaint, after stating her causes for a divorce, further alleges in substance that, prior to her marriage with the defendant, she was the owner in her own right of an undivided half of about one hundred and sixty acres of land in Clatsop County, which land is particularly described; and that on the      day of      187 , the defendant, by employing threats, solicitations, and undue influence, caused the plaintiff to convey, or attempt to convey, to him, her interest in said premises; and that on said day she executed and delivered to defendant a deed which purported to convey to him her undivided half interest in said land; that said deed was executed without consideration, while said marriage relation existed; and that the defendant is the owner of the other half of said tract of land, and of personal property of the value of $100. All of the allegations of the complaint are specifically denied by the answer.

The court found as a fact, that out of the joint earnings of the plaintiff and defendant the real property now in controversy was purchased; that said real property was deeded to the

plaintiff in her own name, and afterwards, at the request of the defendant, was deeded to him by the plaintiff without consideration, in order that he might hold the same in his own name, and thereby entitle him to become a legal voter in his school district, where said property was situated. Upon this finding of fact the court made a decree requiring the defendant, within sixty days from the date of the decree, to convey said property to the plaintiff; and in default of such conveyance, then that said decree operate to transfer to the plaintiff said real property, and stand in place of said deed. From this part of the decree this appeal is taken.

The part of the complaint relating to plaintiff's claim to the real property, though clearly bad on demurrer (*Richardson* v. *Hittle*, 31 Ind. 119), was not questioned in the court below, and it will therefore be assumed to be sufficient to support a decree, if sustained by the evidence. The facts are colorably stated, but not in that clear, distinct and issuable form required by the code. But the complaint alleges one state of facts which it is assumed would authorize a decree in favor of the plaintiff, namely: That she owned this property at the time of her marriage, and that the defendant, by employing threats, solicitations and undue influence, caused her to convey it to him; whereas the court found that the property was purchased by the joint earnings of the plaintiff and defendant, and that said real property was deeded to the plaintiff in her own name, and then conveyed to the defendant without consideration. Here the plaintiff made one case in her pleadings, and has succeeded in obtaining a decree on another and different state of facts, involving the application of entirely different principles of law. "The maxim that the decree must be *secundum allegata*, as well as *secundum probata*," says Chief Justice Marshall, in *Schooner Hoppett* v. *The United States*, 7 Cranch, 389, "is essential to the due administration of justice in all courts." The rule is founded in sound reason and good sense, and is, no doubt, fully applicable to our present system of pleadings. (Van Sant. Plead. 787, 788; *Gregory* v. *Howarth*, 25

Cal. 653; *Benedict* v. *Bray*, 2 Cal. 251.) This rule requires that a party must obtain his decree on the grounds stated in his pleading, and that the proofs must tend to establish the material allegations therein; and its observance by the court is absolutely essential to the due administration of justice.

In the examination of this case, therefore, we must be limited to the allegations of threats, solicitations and undue influence alleged in the answer; and we reach the conclusion, after a careful examination of the evidence, that these allegations are not proven; nor does the evidence tend to prove them.

We have not considered the question as to whether an implied trust exists in favor of the defendant in the real property in controversy or not, for the reason that there are no facts in the pleadings presenting that aspect of the controversy.

A decree will be entered here reversing the decree of the circuit court, and dismissing the complaint as to the claim for the land, without prejudice. This being a suit between husband and wife, and it appearing to the court that the defendant was not free from fault in the inception of the controversy, and also that he has property which came to him during the marriage in some sense by the aid and assistance of the plaintiff, and it not appearing that the plaintiff has any means applicable to their payment, the defendant will be required to pay the costs and disbursements of this suit in the court below, as well as in this court.

All concur.