Argued 11 December, 1901; decided 6 January, 1902.

### WETMORE *v.* WETMORE.

[67 Pac. 98.]

DIVORCE—TITLE TO REALTY.

The title to realty cannot be determined in a divorce suit except as it may be incidentally involved—so that, where the case has been dismissed as to the divorce, it cannot be continued as one to obtain a reconveyance of land.

From Multnomah: JOHN B. CLELAND, Judge.

Suit by Dorothea Wetmore against Ward C. Wetmore, which was dismissed, and the plaintiff appealed.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William M. La Force.*

For respondent there was a brief over the name of *Edw. W. Bingham,* with an oral argument by *Mr. Thos. G. Greene.*

PER CURIAM.   This is a suit for divorce and to compel a conveyance from the defendant to the plaintiff of certain real estate, which it is alleged was purchased with her money.   The complaint was dismissed by the court below, and the plaintiff appeals.   An examination of the record satisfies us that the testimony is not sufficient to justify a decree of divorce, and, as the title to real estate cannot be litigated in a proceeding of this kind except as incident thereto [*Houston* v. *Timmerman*, 17 Or. 499 (21 Pac. 1037, 4 L. R. A. 716, 11 Am. St. Rep. 848) ; *Uhl* v. *Uhl*, 52 Cal. 250; *Peck* v. *Peck*, 66 Mich. 586 (33 N. W. 893)], the decree is affirmed.                    AFFIRMED.