Submitted on Briefs April 1, decided April 30. modified on rehearing
June 4, 1912.

# SHORT v. SHORT.

[123 Pac. 388.]

DIVORCE—GROUNDS—MISCONDUCT AS JUSTIFYING DESERTION.

1. That a husband, a few days after marriage, said jokingly to a friend, "I paid $8 for this thing (meaning defendant), $5 to the minister and $3 for the license," and that on a warm day, while on an excursion, he objected to the wife's suggestion that a case of beer be obtained, on the ground that he did not want the beer drunk in the presence of the children, did not constitute such misconduct as justified the wife in deserting him.

PLEADING—WAIVER OF OBJECTION—WITHDRAWING DEMURRER BEFORE ANSWER.

2. Under Section 72, L. O. L., which declares that, if no objection to the complaint be urged by demurrer or answer, the defendant shall be deemed to have waived it, misjoinder of causes of action is waived by his withdrawal of a demurrer before filing answer.

TRUSTS—RESULTING TRUSTS—RELATION BETWEEN PARTIES—HUSBAND AND WIFE.

3. A husband obtained an option on land, his wife agreeing to advance $1,000 to pay on the option, and they were to make the purchase together and after repayment of the amount advanced all profits above that amount were to be divided between them. The option and deed were made in the name of the wife. Held, that the husband on obtaining a divorce could enforce a resulting trust in the land subject to the wife's lien for one-half of the money advanced.

DIVORCE—CONCLUSIVENESS ON PARTY PLEADING.

4. Where a husband, in his action for divorce, asked to be adjudged the owner of a one-half interest in land purchased with his own money and money advanced by the wife, with the understanding that the wife's advance was to be a lien on the lands, plaintiff is bound by the pleadings, and hence a decree fixing the amount of the wife's lien at less than one-half the money advanced will be modified to conform thereto.

PLEADING—APPEAL—REVIEW—FILING OF REPLY AFTER CASE HEARD.

5. An order of the trial court, permitting a reply to be filed after the case had been tried upon the theory that a reply had been filed, was within its discretion.

From Josephine: FRANK M. CALKINS, Judge.

This is a suit for divorce by Charles E. Short against Maggie E. Short, on the grounds of cruel and inhuman treatment and personal indignities, rendering life burdensome. From a decree in favor of plaintiff, the defendant appeals.                    MODIFIED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court. 56 Or. 622 (117 Pac. xi).

For appellant there was a brief over the names of *Mr. Walter S. Hufford* and *Mr. H. D. Norton.*

For respondent there was a brief over the names of *Messrs. Smith & Beckwith.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. That defendant deserted plaintiff with the intention of no longer living with him is not denied; but it is claimed that his conduct was such as to justify her in so doing, and that such conduct constituted "cruel and inhuman treatment, and personal indignities, rendering life burdensome," which would justify the court in granting her a divorce.

We gather from the testimony that both parties were disposed to be tenacious of their opinions, and that defendant was disposed to magnify innocent pleasantries into gross indignities. Thus, when a few days after the marriage he said, jokingly, to a friend, "I paid $8 for this thing (meaning defendant), $5 to the minister and $3 for the license," she now assumes that a deadly insult was intended. Another "indignity" was perpetrated the day after the wedding. The bridal party with relatives were on their way to Crater Lake. The day was hot, the road dusty, and the bride thirsty. Preferring cool lager, right off the ice, to the contents of the old oaken bucket, with its accompanying possibilities of bacteria and noxious germs, somebody suggested that a case of beer be procured at a wayside saloon. The groom made decided objections, and although the beverage was procured and presumably consumed, the process was not accompanied by the hilarity and good cheer usual on such occasions. The husband gives a fair and plausible reason for his opposition, namely, that he objected to the

beer being drunk in the presence of the children. The wife should have respected his scruples and tried to worry along on well water, or at least not have taken the objection to heart as an intentional cruelty.

Defendant also complains that her husband failed to supply her with money to buy shoes and clothing. It appears that for a great part of the time he was the proprietor of a store, and that her credit was not limited, but that it did not contain materials of the quality she desired. It also appears that he was in financial difficulties, while she had money and an income of her own sufficient for her needs.

From the whole testimony we conclude that, while the plaintiff was rather more domineering and self-sufficient than his capacities justified, he was honestly trying to do his duty as a husband, and that there was nothing in his conduct that justified defendant in deserting him. It is also evident that each party is entirely willing to be rid of the other, and that the real contention between them is in regard to their respective interests in certain property which we will now consider.

The complaint avers, and plaintiff's evidence tends to show, that in 1909 plaintiff obtained a written option from F. A. Pierce to purchase a certain tract of land in Josephine County for $6,500; that at the time of securing the option he paid the sum of $25; that the option had but a short time to run, and plaintiff entered into an agreement with his wife to advance $1,000 for his use in paying for the land and for other purposes; that they would make the purchase together and, after repaying her the $1,000 and interest, all profits above that sum should be divided between them; that plaintiff then paid to Pierce $725 of the money advanced and received from him a written contract of sale of the land for the sum of $6,500 less the sum of $750 already paid, which contract was taken in the name of his wife, and a deed to

her from Pierce was at the same time deposited in escrow, subject to compliance with the conditions of the contract of sale. In February, 1910, plaintiff and defendant entered into a contract with W. B. Sherman, whereby he was authorized to negotiate sales of the property, which was to be platted into lots and tracts and sold so as to make the aggregate price of the whole tract not less than $27,500; the total amount to be received by plaintiff and defendant to be $13,500. Sherman agreed to pay $4,725, with interest at 7 per cent to plaintiff and defendant by August 1, 1910, either from money realized from sales or otherwise, and upon default to forfeit all his interest in the contract except commissions for sales already made. Sherman assigned the contract to the Rogue River Power & Irrigation Company, which paid the $4,725, and thereupon Pierce's deed to defendant was delivered and placed of record. Plaintiff asks to be adjudged the owner of a one-half interest in the Sherman contract, or of a one-half interest in the land, if the contract shall be forfeited. The court at first decreed that plaintiff should be held to be the owner of a one-half interest, subject to a lien of $1,000, money advanced by defendant, but subsequently modified this to a lien for $375, one-half of the sum originally paid upon the contract.

2. It is contended by defendant that the complaint states two causes of suit, one for the dissolution of the marriage contract, and another for the settlement of a controversy growing out of matters not connected with the matrimonial status, and that the court had no jurisdiction to settle the latter controversy. Conceding, without deciding, that there is a misjoinder, it is waived in this case by a failure of defendant to insist upon the dmurrer, which the record shows was withdrawn before the answer was filed. Section 72, L. O. L. Such, in effect,

was the holding of this court in *Bender* v. *Bender,* 14 Or. 353 (12 Pac. 713), which was a case similar to this.

3. We are of the opinion that a resulting trust arose here in favor of plaintiff. Plaintiff had a valuable option which he might have disposed of to other parties. The evidence indicates that it was very valuable. Defendant had money with which to complete the contract and put her money into the deal against plaintiff's option. It was a good bargain for both, and she ought to be compelled to perform her part of it. The case is very similar to *Wright* v. *Chilcott,* 61 Or. 561 (121 Pac. 895), and the rule laid down in that case ought to prevail in this.

4. We think, however, that the court erred in reducing the amount of the lien to $375, one-half of the amount actually paid. Defendant advanced $1,000 with the understanding that it was to be a lien on the land. The complaint states that this amount was to be repaid out of the land, and that plaintiff was to share equally in the profits, after deducting this sum; and further alleges that plaintiff is entitled to an undivided one-half interest subject to a lien for $1,000. The amount of the lien is thus fixed by the pleadings, and, as there was no amendment, plaintiff is bound by them as well as by the terms of the agreement with his wife.

5. The order of the court, permitting a reply to be filed after the case was heard, was within its discretion and was proper under the circumstances; the case having been tried upon the theory that a reply had been filed.

The decree of the circuit court is so modified that defendant will have a lien upon plaintiff's interest in the land and contract for one-half of the money advanced by her, and interest thereon from March 1, 1909, at the rate of 6 per cent per annum, and will recover her costs in this court.          MODIFIED.

Decided June 4, 1912.

## ON REHEARING.

[123 Pac. 390.]

MR. JUSTICE MCBRIDE delivered the opinion of the court.

A careful re-examination of the testimony convinces us that the $1,000 advanced by defendant to her husband was to be repaid in full by him, out of his interest in the land. The decree will, therefore, be modified in that respect and defendant will have a lien for $1,000 and interest at 6 per cent from March 1, 1909, upon the plaintiff's share in the land and contract; otherwise we adhere to our former decision.          FURTHER MODIFIED.