## BENSON v. BENSON.

No. 2653.    Decided February 3, 1915 (146 Pac. 564).

1. ˙DIVORCE—PLEADING—CRUELTY.  A complaint for divorce for cruelty, causing great mental distress, alleging that the wife was unduly familiar with other men, bestowing and receiving attentions from them, especially receiving and bestowing affections upon N., and that the wife refused to live longer with complainant, and left him and moved to S., where she has since resided, and where she is constantly in company with N., and that complainant gave her no cause for her conduct, is insufficient, within the Code, requiring the statement of facts constituting the cause of action to be in ordinary and concise language. (Page 518.)

2. DIVORCE—RELIEF AS TO PROPERTY—PLEADING.  A complaint for divorce, alleging that complainant conveyed his property to his wife in trust for the children, and that he "verily believes that defendant will transfer said land and dissipate the proceeds," is insufficient to authorize any relief as to the property. (Page 519.)

3. DIVORCE—JUDGMENT—RELIEF AS TO PROPERTY ON DENIAL OF DIVORCE.  Where cause of action for divorce for cruelty fails either because of want of proof or because no cause of action is stated, judgment may not award cancellation of a conveyance from complainant to his wife in trust for the children prayed for incidentally. (Page 519.)

Appeal from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Suit for divorce by Axel L. Benson against Anna M. Benson.

Decree denying the divorce and awarding relief as to property. Defendant appeals.

REVERSED, and cause remanded, with directions to dismiss the complaint.

*Willard Hanson* for appellant.

*Ross M. Bonny* for respondent.

STRAUP, C. J.

This is an action for a divorce commenced in 1912. In the complaint, after alleging residence, marriage, and the names and ages of the children, four of them, from nine to three years of age, the plaintiff alleged:

That "the defendant treated him in a cruel manner, and in particular as follows": That the defendant "has been unduly unfamiliar with other men, bestowing and receiving attentions from them," and especially "has been unduly familiar with one" N., "receiving and bestowing affections upon him in the presence of the children"; that the defendant, four months prior to the filing of the complaint, "refused to longer live with the plaintiff, and thereupon left plaintiff and moved from their home at Sandy, and took up her place of abode in Salt Lake City, where she has ever since resided, and where she is constantly in the company of" N., and that "the plaintiff gave defendant no reason or cause for her conduct toward him."

He further alleges:

That when the defendant left him he deeded to her a tract of land 9.783 acres in Salt Lake County, "to be held in trust by her for the use and benefit of the children"; but that "the plaintiff avers that he verily believes that the defendant will transfer and convey said land and dissipate and squander the proceeds derived from the sale thereof."

He also alleges:

That the defendant placed the children "in an orphanage or day nursery in Salt Lake City, against the will and without the consent of the plaintiff, and has refused and still refuses to allow plaintiff to contribute to the support and maintenance of said children, although he is able and willing to do so."

But how he was prevented, or why he did not provide for his children, is not alleged, nor is it alleged that, when the defendant left him, she or he retained the custody of the children. All this, it is alleged, "caused plaintiff great mental distress," and upon that prayed judgment for a dissolution of the marriage, the custody of the children, and that

the defendant be restrained "from transferring, disposing of, or incumbering the land" conveyed to her by him.

The defendant, answering, admitted the allegations of residence, marriage, names and ages of the children, and denied the other allegations. By way of counterclaim she prayed for a dissolution of the marriage, the custody of the children, permanent alimony for her and their support, on alleged grounds of failure to support and of cruelty. Upon these issues the case was tried to the court. The plaintiff adduced his evidence and rested. The defendant also rested, dismissed her counterclaim, and moved for a dismissal of the complaint for want of evidence to support it. The court, though holding there was not sufficient evidence to entitle the plaintiff to a divorce, nevertheless refused to dismiss the complaint, and made and entered findings. They, omitting those relating to the marriage, residence, and children, are:

That "on or about the 9th day of April, 1912, the plaintiff and the defendant became separated, and since that time have not lived together as husband and wife; that the charge of cruelty, as set forth in the complaint, is not sustained by a preponderance of the evidence; that on or about April 27, 1912, by mutual agreement," the real property mentioned in the complaint "was by the plaintiff conveyed by deed to the defendant, and was by her accepted, to be held in trust for the use and benefit of" the children; "that the defendant is shown by the evidence to be an improvident person and incompetent and unfit to administer the trust for the benefit of said minor children, and it is necessary that the legal title to said property be vested in some other person to prevent the property aforesaid from being conveyed away, squandered, or lost to the beneficiaries; that the Utah Savings & Trust Company, a corporation," etc., "is a proper person to hold the legal title to said real property for the purposes aforesaid; that the evidence shows that the children aforesaid are not now in the immediate, personal custody of either the plaintiff or the defendant, but are being properly cared for in an orphanage, and it is therefore unnecessary and inadvisable at this time and in this case to make any order as to their care or custody, the court leaving that to be deter-

mined by application invoking the probate jurisdiction of the proper court, if occasion should arise.''

Upon that the court stated conclusions, and decreed and adjudged that ''the plaintiff is not entitled to a divorce on the ground of cruelty, because of the insufficiency of the evidence to sustain the charge in the form alleged,'' that the defendant ''be permanently enjoined from disposing of or incumbering the said real property, or in any wise conveying it, except'' to the trust company, and adjudged and decreed that she within twenty days convey it to that company.

That is the whole of the judgment.  No divorce was granted; the court holding and decreeing the evidence insufficient ''to sustain the charge in the form alleged.''  Since no divorce was granted, and since the children were ''properly cared for in an orphanage,'' the court, without making any disposition as to their custody or any provision for their support, left them where he found them, to be dealt with by the ''probate jurisdiction of the court,'' and adjudged that the defendant convey the real estate to the trust company. The defendant appeals.

Numerous assignments are made.  Among them are those challenging:

(1) The sufficiency of the complaint to constitute a cause of action for a divorce and to entitle the plaintiff to the demanded relief; (2) the sufficiency of the evidence to support the finding that the conveyance was made to the defendant in trust as alleged, or that she was ''an improvident person, and incompetent and unfit to administer the trust''; and (3) the power of the court—under the pleadings, the evidence, the findings, and especially upon the finding that the plaintiff, on his complaint and under the evidence, was not entitled to a divorce, and finding nothing as to the respective property rights or worth of the parties, or their ability or inability, making no disposition as to the custody of the children, or any provision for their support—to require and decree a conveyance of the land by the defendant to the trust company.  All these strike at the very core of the judgment.

If the first shall be, as it is, determined against the plaintiff, then is there left nothing to his cause.  The complaint

certainly states no cause of action for divorce. The ground attempted to be stated is cruelty, causing great mental distress. That is alleged to be undue familiarity ''with other men, bestowing and receiving attentions from them,'' especially ''receiving and bestowing affections upon'' N. What the attentions were, whether harmful or innocent, proper or improper, whether they were bestowed or received with or without plaintiff's knowledge or consent or in his absence or presence, is not alleged. For aught made to appear, he may have been flattered by them. Such allegations are not only uncertain and ambiguous, but of such variable and dubious meaning, as to charge nothing actionable. They are not only an imperfect or ambiguous statement of facts, but one which entirely fails to disclose any of the operative and actionable facts to be proved, thus bad in substance. They are not in compliance with the Code, requiring the statement of facts constituting the cause of action to be in ordinary and concise language. Alleging one had mental distress because another paid attention to or bestowed affections upon his wife means nothing, for his distress, for aught alleged, may have been occasioned by innocent or proper, as well as unlawful or improper, attentions, or occasioned by no cause, except that which occasioned Othello's distress. Then it is alleged that she, about four months prior to the filing of the complaint, ''refused to longer live with the plaintiff, and thereupon left'' him and moved to Salt Lake, ''where she has ever since resided, and where she is constantly in the company of'' N., whether with or without the consent of the plaintiff is not alleged; nor is it alleged that she wrongfully or willfully, or without cause, or against the will or without the consent of the plaintiff, left him and refused to live with him, except as alleged that he gave her ''no reason or cause for her conduct toward him.'' But that does not show that she, against his will or without his consent, or even without cause, left him. We think the complaint wholly insufficient for a divorce.

Though insufficient for a divorce, is it nevertheless sufficient to entitle him to a judgment restraining the defendant from conveying or disposing of the real estate

as alleged and prayed for in the complaint? Now what did he allege as to that? That he conveyed the real estate to her in trust for the children; and then it is averred that:

"He verily believes that defendant will transfer and convey said land and dissipate and squander the proceeds derived from the sale thereof."

He did not allege that she threatened or intended to convey it, or that she, unless restrained, would convey it or otherwise dispose of it, or incumber it, or that she would dissipate the proceeds. All alleged as to that is "he verily believes" she will do that. He thus has tendered an issue as to what "he verily believes," but not as to the fact or truth of anything in such particular. Nor has he alleged that she is an improvident or unfit person, or unfit or incompetent to administer the trust, or that she is incapable of handling the property, or is unmindful or neglectful of her duties or obligations toward the children, nor anything to show that the trust imposed on her will not be properly performed by her. Nor did he allege or ask that the deed of conveyance be canceled, or that she be required to convey the land back to him or to another, or that the trust be terminated. The court found and adjudged all that without allegations. Surely something more is required to be alleged than was here alleged to restrain one from the disposition of property conveyed to him, or to cancel a conveyance theretofore made, or to require it to be conveyed to another. The complaint in this respect is as meager and wanting in necessary facts as is the complaint respecting the ground for divorce.

And then, in an action for a divorce, where a dissolution of the marriage is the subject of the action, and the property and property rights of the parties but an incident thereto, may the action, if the complaint is so wanting in facts as not to state a cause of action for divorce, be converted into one to cancel a conveyance, or to restrain one of the parties from disposing of property theretofore conveyed to him by the other, or to quiet title to property in one as against the other, or otherwise, in that action.

to determine and adjudicate respective and disputed claims of the parties to real or personal property? We think not, for such things are not, in such case, the subject-matter of the action or litigation. The property rights of the parties are only an incident to it, and, when the subject of the action itself fails, that also fails. *Houston* v. *Timmerman,* 17 O. R. 499; 21 Pac. 1037; 4 L. R. A. 716; 11 Am. St. Rep. 848; *Alexander* v. *Alexander,* 140 Ind. 560; 40 N. E. 56 (March, 1895); *Garnett* v. *Garnett,* 114 Mass. 347; *Redding* v. *Redding* (N. J. Ch.) 85 Atl. 712 (December, 1912); *Weigel* v. *Weigel,* 60 N. J. Eq. 322; 47 Atl. 183; *Bensen* v. *Bensen,* 20 Cal. App. 462; 129 Pac. 596; *Volkmar* v. *Volkmar,* 147 Cal. 175; 81 Pac. 413.

And for the same reason do we think that the court, finding and decreeing that the plaintiff was not entitled to a divorce, could not then further proceed as it did to a determination and adjudication of the disputed claims of the parties as to the real estate in question. However liberal our Code, permitting all proper relief to be given in an action, yet the determination and adjudication must be restricted to the subject of the action. To go beyond that, and convert an action for divorce into one to quiet title, or to cancel or compel a conveyance, is neither permissible under the Code nor the practice. Whatever grievance either party may have as to that can properly be taken care of in an action where that may properly be made the subject of the action.

The judgment of the court below is therefore reversed, and the cause remanded, with directions to dismiss the complaint. Such is the order.

FRICK and McCARTY, JJ., concur.