Argued January 8; reversed January 28, 1947

## GOODEN *v.* GOODEN
(176 P. (2d) 634)

*Roy Harland,* of Salem, for appellant.

*George A. Rhoten,* of Salem (Rhoten & Rhoten, of Salem, on brief, for respondent.

Before ROSSMAN, Chief Justice, and LUSK, BELT, KELLY, BAILEY and HAY, Justices.

KELLY, J.

This is a suit for divorce instituted by the wife. The parties were divorced from each other in February, 1938, and on November 11, 1939, they were again married to each other. Besides alleging a cause for divorce

in her complaint in the instant case, plaintiff alleges that—

"Prior to the divorce of the parties in February 1938, the parties were the owners of a lot and dwelling house situated thereon at 1795 South Liberty Street, in Salem, Oregon and by the terms of the settlement incident to said divorce suit plaintiff was awarded said real property. Subsequently and during 1938 plaintiff exchanged said property on South Liberty street for a lot and dwelling house situated thereon at 456 North 19th Street in Salem Oregon. Said North 18th street property was sold in March, 1945 for approximately $5,000.00. At the time of said sale the title to said North 18th street property was in the name of the plaintiff. By reason of the fact that the defendant was the husband of the plaintiff at that time, it was necessary that the defendant join in the deed of conveyance for the purpose of barring curtesy and the proceeds of said sale were paid to the defendant and the defendant thereupon immediately reinvested said sum of $5,000.00 in the purchase of certain household furniture now in the possession of the parties and as an initial payment on the real premises located at and known as 330 Mission Street in Salem, Oregon, which real premises are hereinafter particularly described. Said fund so used for the purchase of said Mission Street property was wholly owned by the plaintiff, and the defendant notwithstanding said fact and without the consent of the plaintiff, caused the title to said Mission Street property to be conveyed to the plaintiff and the defendant as tenants by the entireties and defendant now holds a record title interest in and to said premises for the use and benefit of the plaintiff. The plaintiff has requested the defendant to convey to the plaintiff such record title interest in said premises and the defendant has refused such request.

Said real premises are encumbered by a mortgage of $2500.00.

Said Mission Street property is particularly described as follows:

Beginning at a point on the North line of Lot 6, at a point which is 54 feet East of the Northwest corner thereof, in Block 1, of Geo. H. Jones' Addition to Salem, Marion County, Oregon; thence Southerly and parallel with the Westerly line of Lots 8 and 7, in said Block, 100 feet; thence Easterly and parallel with the North line of said Lot 8 a distance of 61.5 feet; thence Northerly and parallel with the Westerly line of said Lots 7 and 8 a distance of 100 feet to the North line of said Lot 8; thence Westerly along the North line of said Lot 8, a distance of 61.5 feet to the place of beginning.''

Besides asking in the prayer of her complaint for a decree of divorce, the custody of the minor children of plaintiff and defendant, among other things plaintiff prayed for a decree directing and ordering the defendant to convey to plaintiff his record title interest in and to the premises hereinbefore described and, in event defendant does not so convey, then directing that the decree herein stand in lieu of such conveyance. Plaintiff also prayed for general relief.

The decree of the trial court denied a decree of divorce, but contained the following mandate:

''It is further considered, ordered and decreed that the defendant shall and he is hereby directed, within thirty days from the date hereof, to convey to plaintiff all of the interest defendant had in the real premises hereinafter described since the time the premises were conveyed to the plaintiff and the defendant. In the event the defendant shall fail to execute and deliver such conveyance within thirty days from the date hereof, this decree shall stand as and operate as and in lieu of a conveyance of the premises from the defendant to the plaintiff of the interest above specified.'' (Here follows a

description by metes and bounds of the Mission Street property as given in plaintiff's complaint and hereinabove set forth.)

From that part of the decree of the trial court requiring defendant to convey to plaintiff all of the interest defendant had in the real premises known as the Mission Street property, defendant has appealed.

The controlling question is whether the trial court in denying a divorce is authorized to direct that a conveyance of real property be made by one of the parties to the other.

Plaintiff argues that the allegations of plaintiff's complaint concerning the property are at most multifarious and not being challenged by appropriate motion, the right to object to relief based thereon has been waived.

The case of *Oregon v. Portland General Electric Co.*, 52 Or. 502, at page 513, 95 P. 722, 98 P. 160, cited by plaintiff to the matter of waiver is not a divorce case and hence not in point.

■ In the case at bar the allegation concerning the property involved herein could not in any view render plaintiff's complaint multifarious. 17 Am. Jur. 307, Section 310.

Reference is made by plaintiff to the annotation appearing in 93 A. L. R. 327, following the opinion in *Mandelcorn v. Mandelcorn,* at page 323, ibid, also reported in 228 Ala. 590 and 154 So. 909. This case was decided upon a demurrer to a divorce complaint. The Alabama Code permits an appeal in equity cases from an order overruling a demurrer. Vol. 2, Code of Alabama 1940, Section 755. Obviously, the doctrine of that case is not applicable to a case wherein a divorce has been denied.

*Short v. Short,* 62 Or. 118, 123 P. 388, also cited by plaintiff, is a case wherein a divorce was granted and therefore is not in point.

*Bender v. Bender,* 14 Or. 353, 12 P. 713, is a case where a divorce was denied and the circuit court made an order requiring the defendant to convey certain property to plaintiff. This order was reversed on appeal and the complaint as to the claim for the land was dismissed without prejudice. The Bender case is not in point here, because the order of dismissal on appeal was based upon variance of proof from the allegations in the complaint.

The penultimate citation in the annotation in 93 A. L. R. 327, supra, is to the case of *Benson v. Benson,* 45 Utah 514, 146 P. 564.

We quote from paragraph 3 of the opinion in the Benson case:

"And then in an action for a divorce, where a dissolution of the marriage is the subject of the action, and the property and property rights of the parties but an incident thereto, may the action, if the complaint is so wanting in facts as not to state a cause of action for divorce, be converted into one to cancel a conveyance, or to restrain one of the parties from disposing of property theretofore conveyed to him by the other, or to quiet title to property in one as against the other, or otherwise, in that action to determine and adjudicate respective and disputed claims of the parties to real or personal property? We think not, for such things are not, in such case, the subject matter of the action or litigation. The property rights of the parties are only an incident to it, and, when the subject of the action itself fails, that also fails." Citing authorities including *Houston v. Timmerman,* 17 Or. 499, 21 P. 1037, 4 L. R. A. 716, 11 Am. St. Rep. 848.

"And for the same reason do we think that the court, finding and decreeing that the plaintiff was not entitled to a divorce, could not then further proceed as it did to a determination and adjudication of the disputed claims of the parties as to the real estate in question. However liberal our code, permitting all proper relief to be given in an action, yet the determination and adjudication must be restricted to the subject of the action. To go beyond that, and convert an action for divorce into one to quiet title, or to cancel or compel a conveyance, is neither permissible under the Code or the practice. Whatever grievance either party may have as to that can properly be taken care of in an action where that may properly be made the subject of the action."

■ The rule is well settled that, in a divorce case when a divorce is denied, an order directing a conveyance of property to be made by one spouse to the other is not within the authority of the court, unless such a course is expressly authorized by statute. *Wetmore v. Wetmore,* 40 Or. 332, 67 P. 98; *Smith v. Smith,* 179 Iowa 723, 725, 161 N. W. 698; 19 C. J. Subject: Divorce, p. 332, Sec. 772, and authorities cited in note 11; 27 C. J. S. subject; Divorce, p. 1114, Sec. 291, and authorities cited in notes 4, 5 and 6.

■ The procedure in divorce cases is controlled by statute. Section 9-912, O. C. L. A. limits the disposition of real property in a divorce suit to those cases wherein a marriage shall be declared void or dissolved. Vol. 2, O. C. L. A., p. 129, Section 9-912.

For these reasons, the portion of the decree of the trial court from which this appeal has been taken is reversed, annulled and vacated. Neither party hereto shall recover costs or disbursements upon this appeal.