Argued May 11, affirmed June 2, petition for rehearing denied
June 28, 1960

# GRAYSON v. GRAYSON

352 P. 2d 738

*Wilber Henderson,* Portland, argued the cause for appellant. With him on the brief were B. G. Skulason and Thomas R. Mahoney, Portland.

*Richard H. Allen,* Salem, argued the cause for respondent Hatfield. With him on the brief was Asa L. Lewelling, Salem.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Millard, Justices.

MILLARD, J. (Pro Tempore)

This is an appeal by defendant from an order of the circuit court of Marion County adjudging him in contempt of court on account of an alleged violation of an order issued pendente lite in a divorce proceeding brought by his wife which required him to furnish certain information to James C. Hatfield appointed in such proceeding as Receiver of certain property involved in the litigation consisting mostly of a dairy operation and stock in connection therewith.

As his only assignment of error, defendant contends that the court erred in adjudging the defendant in contempt for the reasons that the court did not have any power to appoint a receiver under the divorce laws of the state, that the general statutes do not authorize receivership in such a case and that since the order appointing the receiver was therefore void, the order requiring defendant to furnish certain information to the receiver was also void and hence the judgment of contempt may be collaterally attacked and thus set aside.

Hence, the primary and novel question for determination here is whether or not a receiver may ever be appointed pendente lite in a divorce case. In the event the answer is in the affirmative, then it must be decided whether such appointment was within the power of the court in this case and lastly, whether the court exercised its power within proper limits. We say "within proper limits" because the right of the court to authorize the receiver to deal with the property can be no greater than the extent of the power expressly granted or necessarily implied therefrom as will later appear.

We now turn to a consideration of whether or not the general statutes relating to the appointment of receivers authorize an appointment in such a case. ORS 31.010 defines a receiver as "a person appointed by a court or judicial officer to take charge of property during the pendency of a civil action, *suit or proceeding,* or upon a judgment, decree or order therein, and to manage and dispose of it as the court or officer may direct." (Emphasis supplied.) ORS 31.020 (1) provides when the appointment may be made before judgment or decree as follows:

"Provisionally, before judgment or decree, on the application of either party, when his right to the property, which is the subject of the action, suit or proceeding, and which is in the possession of an adverse party, is probable, and the property or its rents or profits are in danger of being lost or materially injured or impaired."

It will thus be seen that before appointment may be made under the general statute, the property involved must be (1) the subject of the action, suit or proceeding, (2) it must be in the possession of the adverse party, and (3) the right of the party seek-

ing the receivership to the property must be probable. In this case defendant's wife was asking that all of the dairy stock and equipment be awarded to her. It does not follow, however, that such property was the subject of this suit. This court has held otherwise. In *Houston v. Timmerman,* 17 Or 499, 505, 21 P 1037, it is stated:

> "Now, the divorce suit of the plaintiff was not brought specifically to recover the one third of the real estate of her husband, as was decreed in the divorce proceeding. The land was not the subject-matter of the litigation, and the subject of the suit was not to recover title that belonged to the plaintiff. It was incidental and collateral to the divorce proceeding. The court has no jurisdiction to affect the title of the husband to his lands, or decree that one third of them shall be set apart for her in her own right and title, independent of a decree for divorce. Nor has the plaintiff any title on which to base a suit to recover any portion of the same, except as it comes by force of the statute upon a decree for divorce."

And again at page 506:

> "It must be manifest, then, that the primary object of the suit is to affect the marriage relation, —its *status,*—that it is the specific matter in controversy to be affected, and that it is only when the *status* is changed by a decree of divorce that the statute operates to divest title 'owned' by the defendants, and that it then becomes the duty of the court to enter a decree in accordance with its provisions."

In *Matlock v. Matlock,* 87 Or 307, 311, 170 P 528, this court again defined this term, subject of the suit in a divorce proceeding as follows:

> "The Lane County Circuit Court acquired jurisdiction of the subject matter of the suit by the fil-

ing of the complaint: *Belknap v. Charlton,* 25 Or. 41, 48 (34 Pac. 758). Subject matter in its broadest sense means the cause; the object; the thing in dispute. But in a legal sense the subject matter of a suit when reference is made to matters of jurisdiction means the nature of the cause of suit and the relief sought: 7 R. C. L., p. 1051, § 86.

"A decree in a divorce case fixes the status of the parties and, with reference to their being married or single, they can have but one status. The status is the thing about which the adjudication is made."

See also *Gooden v. Gooden,* 180 Or 309, 313, 176 P2d 634.

■ The affidavit for the appointment of receiver fails to show the property was the subject of the suit within the definitions given, nor does the complaint. In a divorce case the subject of the suit is the marital relationship and the disposition of property is merely incidental to a dissolution thereof. For example, if the marriage is not dissolved, then there can be no property disposition. We hold, therefore, that the property was not the subject of the suit. Further than that, how could the court decide that the wife's right to the property was probable when the defendant had not yet answered the complaint and no showing was made in the appointment for receivership or complaint other than it was alleged that plaintiff and defendant owned the property, particularly in view of the now statutory authority giving the trial court the right to divide the property as seems just and equitable. See ORS 107.100 (4). We, therefore, conclude that receivership is not authorized in a divorce case under the general statutes, apart from statutes relating to divorce.

■ This does not mean, however, that a receiver may not in such cases be appointed. In *Muellhaupt v. Strowbridge Est. Co.,* 136 Or 99, 103, 298 P 186, it was stated that "In a proper case the power to appoint a receiver is necessarily inherent in a court of equity. This power is not conferred by statute, but exists independently of it: *Wm. H. Taylor Corp. v. Oregon L. & T. Co.,* 116 Or 440 (241 P. 388)."

> "It is a general rule that a court of law without equity jurisdiction and in the absence of statutory authorization has no power to appoint a receiver, but that a court of equity has such power, which is inherent in its chancery jurisdiction, independently of statute, where proper conditions and grounds exist for such relief." 45 Am Jur, Receivers, p 24, § 18.

See also Annotation, 43 ALR 242, 61 ALR 1212, 91 ALR 665.

■■ The protection and preservation of property against imminent danger of loss is one of the proper grounds for appointment of a receiver. 45 Am Jur, Receiver, p 32, § 30. Even so, it is argued that a court in the exercise of its divorce jurisdiction is a court of limited powers and we agree.

> "A divorce court is a court of limited jurisdiction, and it enjoys no power whatever except that expressly conferred upon it by statute. We have held many times that proceedings in a suit for divorce are purely statutory, and the powers which the court exercises are the mere creation of a statute. It is well established in this state that a circuit court, though a court of general jurisdiction, when exercising a special power conferred upon it by statute, and not according to the course of the common law, is a court of special and inferior jurisdiction, and is limited in its powers to those enumerated in the statute." *Zipper v. Zipper,* 192 Or

568, 574, 235 P2d 866. *Quinn v. Hanks et al.,* 192 Or 254, 233 P2d 767, 772; *Voltz et ux. v. Abelsen,* 190 Or 319, 224 P2d 213, 225 P2d 768; *Garner v. Garner,* 182 Or 549, 189 P2d 397; *Gooden v. Gooden,* 180 Or 309, 176 P2d 634; *State ex rel. v. Tolls,* 160 Or 317, 85 P2d 366, 119 ALR 1370; *Northcut v. Lemery,* 8 Or 316. See also *Burnett et al. v. Hatch,* 200 Or 291, 266 P2d 414.

But, this does not mean that the divorce court may not act within the limit of the powers granted.

"When jurisdiction is, by the constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes." ORS 1.160.

■■ As was said in *Esselstyn v. Casteel et al.,* 205 Or 344, 354, 286 P2d 665, 288 P2d 214, 288 P2d 215:

"While it is true that the divorce court cannot exercise any powers not conferred on it by statute, * * * the doctrine of limited powers will not be carried to the extent of withholding from the court the power to make effective jurisdiction expressly conferred."

The divorce statutes do not provide complete procedural machinery but the courts must look to the general procedural code for such processes and provisional remedies which are necessary to the effective exercise of its powers. It was so held in *Steiwer v. Steiwer,* 112 Or 485, 494, 230 P 359, wherein the court quoted with approval from 36 Cyc 1146 as follows:

"All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They

are therefore to be. construed as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the Constitution, but also in connection with other statutes on the same subject, and, under certain circumstances, with statutes on cognate and even different subjects."

ORS 107.090 expressly provides what action this court may take in the exercise of its divorce jurisdiction after the complaint is filed and before decree:

"(1) After the commencement of a suit for dissolution of the marriage contract or to have a marriage declared .void and before a decree therein, the court may, in its discretion, upon proper showing of the necessity therefor, provide by order as follows:

"* * * * *

"(e) Restraining and enjoining either the husband or wife, or both, from encumbering or disposing of any of their property, real or personal, during the pendency of the suit, except as ordered by the court."

Since the doctrine of limited powers as applied to a divorce court does not prevent it from making effective jurisdiction expressly conferred, it is argued that the power expressly conferred to restrain or enjoin the husband or wife from encumbering or disposing of any of their property during the pendency of the suit carries with it this power to make such order effective. With this we agree.

■■ Defendant contends, however, that the power to make effective is sufficiently guaranteed in case of disobedience of the court's order by prosecution of contempt proceedings, since the method there is pointed out by the procedural statutes. But suppose that it

reasonably appears that contempt proceedings may be ineffective, is the court then powerless to impose its orders? We have already pointed out equity has power to protect and preserve property against imminent loss by the appointment of a receiver. In *Steiwer v. Steiwer,* supra, at page 492, it is stated that "Proceedings for divorce are based upon the statute, and the courts may apply equitable principles:  *  *  *." It would seem reasonable and we hold that when it reasonably appears that an order of the court restraining or enjoining either husband or wife or both from encumbering or disposing of any of their property will not be effective, the divorce court, to preserve or protect the property against loss, has jurisdiction, within its discretion, to appoint a receiver. At this point we hasten to point out that since receivership is often a harsh remedy, it should not be resorted to except in clear and urgent cases, and even then, the power should be prudently and cautiously exercised.

This is in accord with the decisions of many other states. For a review of these authorities see the annotations entitled "Power of court to appoint receiver in a suit for divorce or separation" contained in 95 ALR 902, et seq. See also 27A CJS 358, 362, Divorce §§ 103, 103b; *Picerne et al. v. Redd et al.,* 72 RI 4, 166 ALR 397, 47 A2d 906, 911.

■ Since we have held that the trial court had jurisdiction to appoint a receiver, we are not here concerned with the question of whether or not its discretion was properly exercised in ordering the receivership. We say this because collateral attack on the order will not lie unless it was void. *State v. La Follette,* 100 Or 1, 7, 8, 196 P 412. See also *State ex rel. Nayberger v. McDonald et al.,* 128 Or 684, 696, 274 P 1104; *Mc-*

*Kinney v. Nayberger et al.,* 138 Or 203, 215, 295 P 474, 2 P2d 1111, 6 P2d 228, 229.

Subsequent to the appointment, upon application of the receiver based upon an accompanying affidavit showing, among other things, that defendant had threatened to burn up all the registration papers of the dairy stock, which threat was denied by the defendant in a counter-affidavit, the court entered its order March 6, 1958, requiring the defendant to turn over to the receiver all the registration papers and other documents tending to show their pedigree and background. It should be noted that the court in its order appointing the receiver had previously directed him to take into possession the dairy stock, farm machinery and farm, and to take immediate steps "to advertise the same for sale." In his application for the order of March 6, 1958, the receiver, after reporting the threatened destruction of the documents, stated that the purpose in securing these papers was to assist in the sale. The subsequent motion and accompanying affidavit requiring the defendant to show cause why he should not be adjudged in contempt charges him, among other things, with failure to turn over the registration papers in his possession as required by the previous order.

After a hearing pursuant to an order to show cause previously served on the defendant, the court found that he knowingly failed to comply with the order. Since we have held that the court had power to appoint a receiver to protect and preserve the property, it follows the court had power to require defendant to turn over the property or any portion of it to prevent its destruction. It, therefore, follows that the order of the trial court adjudging the defendant in contempt is hereby affirmed.

We do not intend hereby to express any opinion as to whether or not the trial court had power to order a sale of the property through receivership, since we have based our reasoning solely on the ability of the court through receivership to protect and preserve the property prior to decree.