## In Re LEVEL.
(159 Pac. 558.)

Execution—Execution Against Person.

1. Where the pleadings in an action for the recovery of money disclose no fraudulent actions on the part of defendant, his imprisonment under an execution against his person is unlawful.

Reference—Authority of Referee—Findings of Fact and Conclusions of Law.

2. Under section 838, L. O. L., a referee in an equitable proceeding has no authority to make findings of fact or conclusions of law.

Execution—Imprisonment Under Execution Against Person—When Authorized.

3. The imprisonment of petitioner, by virtue of an execution under a decree finding that he fraudulently and unlawfully retained money belonging to another, rendered on unauthorized findings of fact and conclusions of law by the referee, no other evidence being received and the decree not being based on any issue found in the pleadings, is unlawful, and petitioner is entitled to release in *habeas corpus* proceedings.

Original proceeding in Supreme Court.

*Mr. William P. Lord,* for petitioner.

*Mr. Walter H. Evans,* District Attorney, *Mr. Arthur A. Murphy,* Deputy District Attorney, *Mr. James N. Davis* and *Mr. William W. Dugan, Jr.,* for the respondent, Sheriff of Multnomah County, Oregon.

Allowed August 2, 1916.

On Rule to Show Cause.

Opinion Per Curiam.

In response to an order made by Mr. Justice Bean, requiring the sheriff of Multnomah County to show cause why a writ of *habeas corpus* should not issue for the purpose of inquiring into and determining the legality of the detention by said sheriff of the petitioner, James M. Level, the parties concerned have been heard by this court, and without discussion of the merits we are of the opinion that a *prima facie* case has been made by the petitioner sufficient to authorize the issuance of the writ. It will therefore be issued according to the prayer of the petition.

Writ Allowed.

Petitioner discharged August 2, 1916.

On the Merits.

Department 1. Statement by Mr. Justice Benson.

On December 19, 1912, John M. Level began an action against the petitioner and his wife for the recovery of moneys, and thereafter the defendants therein filed their answer and, at the same time, a cross-bill in equity, to which John M. Level filed an answer, wherein, after certain admissions and denials, he pleads affirmatively as follows:

"For the further and separate answer to the cross-bill the defendant alleges that the money as set out in the complaint and the cross-bill was delivered to the plaintiff herein James M. Level, and that thereafter the said James M. Level and Lucy Level, his wife,

and plaintiffs in said cross-bill, agreed in the State of Washington, where the James M. Level had his residence at that time, and under the laws of Washington said property delivered to him is community property, that if the defendant would let him use some of the money on hand, they would repay it all to him, whereupon the plaintiff of the cross-bill James M. Level did expend for improvements on the property of Lucy Level, and for her benefit, a large portion of said money, all of which she agreed to repay to John M. Level, the exact amount of which the defendant does not know, but asks that the same be ascertained; that during the month of May, 1911, the plaintiffs James M. Level and Lucy Level agreed to convey to this defendant the northwest quarter of northwest quarter, section 24, township 5 north, range 3 east, of Willamette Meridian, situated in Clarke County, Washington, for the sum of $600, which money was out of the money which had been paid to James M. Level, and this defendant further alleges that he went into possession of said property and put improvements thereon under the understanding and belief that the plaintiffs herein had good title thereto, or would acquire the same, but defendant, on or about the first day of March, 1912, discovered that the title to said property remained in the name of the man who had lost his life in Portland by fire, by accident, and that the said James M. Level and Lucy Level had no title to said property, and do not have the title to said property at this time.

"The defendant further alleges that James M. Level used a portion of the money turned over to him by this defendant for improvements on a homestead in the vicinity of the land above described, and that all of the money received by this defendant from said James M. Level was the sum of $551.50, leaving a balance due to John M. Level of $2,219.60.

"Wherefore the defendant prays for an accounting with the said plaintiffs, and for proof that the said James M. Level and Lucy Level have a title to the property described herein, to wit: Northwest quarter of the northwest quarter, section 24, township 5

north, range 3 east, of Willamette Meridian, situated in Clarke County, Washington; and that with such proof there be delivered to this defendant a conveyance thereof if the court finds such proof of title to be sufficient; and that all the moneys received by the said plaintiffs shall be decreed to be community property, and for such other and further relief as may seem meet and proper under the principle of justice and equity."

A reply being filed, the trial court referred the cause to a referee to take the testimony "and decide the whole issue, and report upon the questions involved to the court within 15 days from this date."

Thereafter the court made and entered its decree, from which the following quotation is the part pertinent to the matter here presented:

" * * The cause was submitted to the referee for consideration and decision, and after due deliberation thereon, the referee, duly and regularly empowered and appointed, files his findings of fact and conclusions of law, wherein it appears to the court that the defendant James M. Level received from John M. Level, the plaintiff, a sum total of $3,269.17, in trust for the benefit of John M. Level, and that the said defendant James M. Level expended for the use and benefit of the said John M. Level the sum of $2,225.68, leaving a balance of the said trust funds still in the hands of James M. Level amounting to $1,043.49; and, no objections having been filed to said report, nor motion to set aside, wherefore, by reason of the law and the findings as aforesaid, it is hereby ordered, adjudged, and decreed that the said John M. Level have and recover from the defendant James M. Level the sum of $1,043.49, together with costs and disbursements in this suit incurred taxed at —— dollars; and it is further decreed that the said judgment be for money fraudulently and unlawfully retained by said James M. Level, and that execution be forthwith issued therein."

Thereafter an execution was issued against the person of the petitioner, and he, being imprisoned thereunder, presents his petition to this court for a writ of *habeas corpus*.               PETITIONER DISCHARGED.

For petitioner there was a brief and an oral argument by *Mr. William P. Lord.*

For respondent, T. M. Hurlburt, Sheriff, there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, *Mr. Arthur A. Murphy,* Deputy District Attorney, *Mr. James N. Davis* and *Mr. William W. Dugan, Jr.,* with oral arguments by *Mr. Murphy* and *Mr. Davis.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. There are two grounds upon which it must be conceded that the imprisonment of the petitioner is wrongful: (1) A careful reading of the answer to the cross-bill discloses no fraudulent actions upon the part of the plaintiff, and therefore the cause is not one in which the severe remedy of an execution against the person may be invoked; (2) it will be observed that the decree is based exclusively upon the findings and decisions of the referee.

2, 3. The statute in this state has taken away from a referee the authority to make findings of fact and conclusions of law in an equitable proceeding: Section 838, L. O. L.; *Anthony* v. *Hillsboro Gold Min. Co.,* 58 Or. 258 (113 Pac. 442, 114 Pac. 95). It is true that under the authority last cited the court might adopt the findings and conclusions so made as its own, nevertheless its decree must be based upon the evidence and not upon unauthorized findings. The recital in the decree that "the said judgment be for money fraudu-

lently and unlawfully retained by James M. Level" is not based upon any issue found in the pleadings. From these conclusions it follows that the decree is void and the imprisonment of petitioner unlawful. An order will be entered, discharging him from custody.                              PETITIONER DISCHARGED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE MCBRIDE concur.