Argued October 3, affirmed November 12, 1924.

## MABEL STEIWER v. LELAND L. STEIWER.

(230 Pac. 359.)

**Evidence—Where Jurisdiction Attaches in Court of Limited Jurisdiction, Same Intendment of Regularity as of Superior Courts Prevails.**

1.   Where jurisdiction attaches in court of limited or special jurisdiction, same intendment of regularity prevails as for proceedings of superior courts.

**Divorce—Circuit Court by Referring Case to Referee for Taking Testimony Held not to have Lost Jurisdiction.**

2.   Where Circuit Court acquired jurisdiction of parties and subject matter in divorce proceedings, it did not, in view of Sections 405, 838, Or. L., lose jurisdiction by referring case to referee for taking testimony.

**Divorce—Legislature has Full Control Over Dissolution of Marriage as Respects Form of Proceeding.**

3.   The legislature has full control over mode, manner, time and place of prosecution, in proceedings for dissolution of marriage ties, and may provide that divorce proceeding shall be tried as action at law or suit in equity.

**Divorce—Allegation That Judge Signed Decree in Adjoining County Held Collateral Attack on Decree, and not Sustainable.**

4.   Allegation that judge signed divorce decree while in an adjoining county in his district *held* to constitute collateral attack on lawful decree not sustainable, in view of Laws of 1923, Chapter 195.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

On December 3, 1920, Leland L. Steiwer and Mabel Steiwer, husband and wife, were, and for more than a year prior thereto had been, residents and inhabitants of Wheeler County, Oregon. On that day Leland L. Steiwer instituted a suit for divorce in the Circuit Court of the State of Oregon for Wheeler County. Personal service of a duly certified copy of complaint and summons was made upon the defendant in that county, and the district attorney for Wheeler County was, on December 3, 1920, served

with statutory process. A stipulation was filed in the
Circuit Court, reading:

"1. That in the event a decree of divorce is granted
on the complaint of the plaintiff or on the cross
complaint of the defendant should one be filed herein,
the care and custody of the minor children of the
plaintiff and defendant shall be awarded to the plain-
tiff, subject to the right of the defendant to visit
them upon reasonable and seasonable occasions.

"2. That the property rights of the plaintiff and
defendant have been settled by mutual agreement by
the plaintiff paying to the defendant the sum of
$1,300, and by securing to her the further sum of
$1,700, making in all the sum of $3,000, and that the
said sum shall be in lieu of all claims for costs or
alimony, and is accepted as a full settlement of all
future demands of the defendant against the plain-
tiff.

"Given under our hands and dated this 3d day
of December, 1920."

"LELAND L. STEIWER, Plaintiff.
"MABEL STEIWER, Defendant."

On December 14, 1920, an order of default and
reference was made by the Honorable D. R. Parker,
Judge of the Circuit Court. On December 28th the
evidence was adduced, and thereafter it was reported
and filed in the Circuit Court for Wheeler County.
On January 3, 1921, the case came on regularly for
hearing. The court made and filed its findings of
fact and conclusions of law, and entered a decree of
divorce in favor of plaintiff, Leland L. Steiwer. On
January 12, 1921, the defendant, Mabel Steiwer, was
married to one Lynn C. Young, at Los Angeles, Cali-
fornia. On October 24, 1921, she instituted in the
Circuit Court for Multnomah County, Oregon, a suit
for divorce against Leland L. Steiwer, in which she
requested support money and prayed for the custody
of their two minor children.

Leland L. Steiwer, defendant in this suit, admits the marriage and the issue thereof, but denies each and every other allegation in plaintiff's complaint. For a further and separate answer, he pleads former adjudication, and sets out *in extenso* the divorce decree and entire judgment-roll in the suit of Leland L. Steiwer, plaintiff, *versus* Mable Steiwer, defendant. For a second further and separate answer, and by way of estoppel, he pleads the plaintiff's marriage to Lynn C. Young at Los Angeles, California.

Plaintiff, by her attorney, demurred to each further and separate answer, and the demurrer was overruled. Thereupon she replied, and averred, among other things, that the testimony had been taken and transcribed by the referee and filed with the clerk of the Circuit Court; that the attorney appearing for Leland L. Steiwer had prepared certain tentative findings and conclusions and a tentative decree and forwarded the same, together with the testimony taken by the referee, to the Honorable D. R. Parker, judge of the Circuit Court of the State of Oregon for the eleventh judicial district, comprising the counties of Sherman, Gilliam and Wheeler, at Condon, Gilliam County, Oregon, which were there received by him on January 3, 1921; that on that day, while in his chambers, or in his home, in the City of Condon, Gilliam County, the judge had read the testimony so taken, transcribed and filed by the referee, and had thereupon signed the findings, conclusions and decree and forwarded same to the clerk of the court in Fossil, Wheeler County, Oregon.

"And in this behalf, plaintiff further alleges that said cause was never heard, tried or determined by the circuit court of the state of Oregon for Wheeler County, nor by any circuit court of the state of Oregon. * * Neither was said cause * * heard * *

at the time and place fixed by law for the hearing of causes in said circuit court."

The plaintiff, by her reply, admits her marriage in the State of California, as alleged in defendant's second further and separate answer, but denies that the same constitutes matters in estoppel. The defendant filed a demurrer to the new matter in plaintiff's reply, which was sustained by the court. Plaintiff refused to plead further. Thereupon, the trial court entered a decree dismissing plaintiff's suit, from which she appeals.    AFFIRMED.

For appellant there was a brief and oral argument by *Mr. John W. Kaste.*

For respondent there was a brief over the names of *Messrs. Joseph, Haney & Littlefield* and *Messrs. Latourette & Latourette,* with oral arguments by *Mr. E. V. Littlefield* and *Mr. H. F. Latourette.*

BROWN, J.—The plaintiff in this cause was divorced in a former suit. She now makes a collateral attack upon the court's decree dissolving the marriage contract.

In the case of *Leland L. Steiwer* v. *Mabel Steiwer,* the Circuit Court of the State of Oregon for Wheeler County acquired jurisdiction of the parties and of the subject matter.

In the case of *Shaveland* v. *Shaveland* (Or.), 228 Pac. 1090, decided September 30, 1924, we wrote the following, which is applicable to the case at issue:

"If the plaintiff was dissatisfied with the decree of the lower court, she had a remedy. 'A judgment or decree may be reviewed as described in this chapter, and not otherwise.' Or. L., § 548. The circuit court of the state of Oregon for Marion county was

a court of competent jurisdiction. It had jurisdiction of the parties. Likewise, it possessed jurisdiction of the subject matter of the suit. Therefore, it matters not how erroneous its decree might have been. Its adjudication is binding upon the parties until reversed in a lawful proceeding: *Morrill* v. *Morrill,* 20 Or. 96 (25 Pac. 362, 23 Am. St. Rep. 95, 11 L. R. A. 155). In the case just cited, this court wrote: 'It is said to be an axiom of the law that, when a court has jurisdiction of the subject matter and the parties, its judgments cannot be impeached collaterally for errors of law or irregularity in practice.' "

The following is in point:

"A judgment rendered by a court having complete jurisdiction must be regarded by the parties thereto as speaking the exact truth in respect to all matters which were involved in the issue in that proceeding so long as the judgment remains in force. However a judgment may have been obtained, unless it is void it cannot be ignored and the rights of the parties again inquired into in a collateral proceeding." *Nicholson* v. *Nicholson,* 113 Ind. 131 (15 N. E. 223).

To like effect, see *Woodward* v. *Baker,* 10 Or. 491; *Berry* v. *King,* 15 Or. 165 (13 Pac. 772); *Crabill* v. *Crabill,* 22 Or. 588 (30 Pac. 320); *North Pacific Cycle Co.* v. *Thomas,* 26 Or. 381 (38 Pac. 307, 46 Am. St. Rep. 636); *McNary* v. *Bush,* 35 Or. 114 (56 Pac. 646); *George* v. *Nowlan,* 38 Or. 537 (64 Pac. 1); *McFarlane* v. *Cornelius,* 43 Or. 513 (73 Pac. 325, 74 Pac. 468); *Title Abstract Co.* v. *Nasburg,* 58 Or. 190 (113 Pac. 2); *Bobell* v. *Wagenaar,* 106 Or. 232 (210 Pac. 711).

"In a collateral attack on a judgment or decree, only the existence of jurisdiction in the trial court can be considered." *Huffman* v. *Huffman,* 47 Or. 610 (86 Pac. 593 (syl.), 114 Am. St. Rep. 943).

1. In all cases where jurisdiction is shown to have attached in a court of limited or special jurisdiction,

the same intendment of regularity will prevail as for the proceedings of Superior Courts: *Thompson* v. *Multnomah County,* 2 Or. 34; *Bewley* v. *Graves,* 17 Or. 274 (20 Pac. 322); *French-Glenn Co.* v. *Harney County,* 36 Or. 138 (58 Pac. 35); *Lauderback* v. *Multnomah County* (Or.), 226 Pac. 697.

*Crabill* v. *Crabill, supra,* is much in point on the case at issue. That was a divorce suit, wherein the defendant, in his answer, set up as a further and separate defense that the parties were already divorced by decree of the Circuit Court of Umatilla County, and, among other things, attached a copy of the findings of the referee and decree rendered on the same, and alleged that the report of the referee therein was confirmed in all respects by the Circuit Court of that county. Plaintiff filed a demurrer to that defense, which was overruled. The plaintiff refused to plead further, whereupon the court rendered a decree in favor of the defendant, from which she appealed. In that case Mr. Justice LORD, in speaking for this court, said:

"A void judgment or decree is never binding, and may be disregarded and treated as a nullity; but a judgment or decree which is merely voidable is binding upon the parties until reversed by some direct proceeding. * * The record discloses that the defendant in the former suit appeared and filed a demurrer, which was overruled, and that the state was represented by the district attorney; that the cause was referred to a referee to take the testimony and to report the same with his findings to the court; that thereafter the referee made his findings upon the testimony and reported the same to the court, which was confirmed by the court on motion of the plaintiff, and a decree for a divorce granted to her. The court, therefore, had jurisdiction of the parties and of the subject matter of the suit; and the decree which it

rendered was within the jurisdiction conferred on it by law.''

The plaintiff in the instant case admits, and asserts, that she is making a collateral attack upon the court's decree.

2. The court having acquired jurisdiction of the parties and of the subject matter of the suit in the divorce proceedings had in the Circuit Court for Wheeler County, Oregon, the decree rendered therein imports verity. However, the decree shows that the court referred the case to Nell M. Don for the purpose of taking testimony. The plaintiff urges that this action upon the part of the court was fatal to its decree. Her counsel earnestly and ably contend that the court exceeded its authority by making the reference, and assert, in effect, that the sections of our Code pertaining to divorce nowhere empower the trial court to refer the cause to a referee for the purpose of taking and reporting the testimony.

Divorce proceedings are the same as the proceedings in other cases, except as modified by statute (*Reed* v. *Reed,* 101 Mo. App. 176 (70 S. W. 505), and except in so far as the public interest is involved (*Dutcher* v. *Dutcher*, 39 Wis. 651).

In *De Vall* v. *De Vall,* 57 Or. 128 (109 Pac. 755, 110 Pac. 705), the court declared:

''The authority to grant divorces and to award alimony, though conferred upon a court by statute, carries with it such powers as are expressly given and also such as may necessarily be incidental to its exercise.

''It has generally been held that the power to grant a divorce is not within the general jurisdiction of courts of equity. It has been held, however, that where no special tribunal has been created for divorce cases, courts of equity should assume cognizance of such actions.'' 19 C. J., p. 24.

Proceedings for divorce are based upon the statute, and the courts may apply equitable principles: *Johannessen* v. *Johannessen,* 70 Misc. Rep. 361 (128 N. Y. Supp. 892).

It is true, as urged by the appellant, that a divorce proceeding was unknown to the common law. Dr. Bishop has observed:

"Substantially, our divorce jurisdiction is statutory." 2 Bishop on Marriage and Divorce, § 801.

3. The power of the courts in divorce suits is bounded by statutory law. Our Code provides that for certain specified causes a husband or wife may maintain a suit for the dissolution of the marriage contract: Or. L., §§ 501, 507. Notwithstanding the state is vitally interested in preserving inviolate the marriage relations of its citizens, the legislative assembly has conferred the right to a divorce for certain causes named by law. The legislative authority of the state has full control over the mode, manner, time and place of prosecution, in a proceeding for the dissolution of the marriage ties, and it is within legislative competency to provide that a divorce proceeding shall be tried as an action at law or as a suit in equity. The law-making power of this state specified the causes for a divorce and provided a court of equity, where the guiltless might apply for a dissolution of the marriage status.

"The instances are rare in the United States wherein the courts of law are invested with jurisdiction of divorce proceedings." 7 Standard Proc. 738.

In the State of Oregon, the legislature never invested the courts of law with jurisdiction of divorce proceedings.

By virtue of the provisions of Sections 405 and 838, Or. L., the court referred this cause to Nell M. Don for the purpose of taking and reporting the testimony. The origin of these sections may be traced to Sections 393 and 805 of the General Laws of Oregon compiled and annotated by M. P. Deady in 1862. This Code was the result of the labors of a commission consisting of James K. Kelly, A. C. Gibbs and M. P. Deady, who prepared and reported a Code of Civil Procedure to the legislative assembly that met on September 8, 1862. With the exception of two minor amendments, it was enacted into law as reported, at that session, and became effective June 1, 1863, in pursuance of a proclamation of Governor Addison C. Gibbs, as provided and directed in Section 1167 of the act. See note, page 139, General Laws of Oregon, Deady.

Chapter 5 of Deady's Code of Civil Procedure classifies a divorce suit as a suit in equity. The Title reads:

"Of Suits in Equity.

Title I. Issues, their trial, and the mode thereof.
   II. The mode of enforcing a decree.
   III. Injunction.
   IV. The foreclosure of liens upon real or personal property.
   V. Suits for partition of real property.
   VI. Suits by and against executors, administrators, legatees, heirs or devisees.
   VII. Suits to declare void or dissolve the marriage contract.
   VIII. Suits to determine adverse claims to real property, and to cancel a patent wrongfully issued therefor."

The present Code denominates a divorce proceeding as a "suit in equity."

Each of the sections alluded to above relating to the appointment of a referee constitutes a part of the "Title" and "Chapter" pertaining to "suits in equity." The various Sections of Title VII of the Civil Code, adopted by the legislative assembly of 1862, relating to suits "to declare void or dissolve the marriage contract," constitute the divorce laws that are now effective in this state. Some of the sections have been amended. Various sections of our Code relating to civil procedure are as applicable to a suit for divorce as to other suits in equity. For example: The drafting of complaints and their verification; the service of process; the general rules of pleading; mistakes in pleading and amendments; the appointment of a referee to take and report the testimony; the attendance of witnesses; the weighing of their testimony, and the right of appeal, are governed by provisions of the Code not found in the chapter relating to suits to dissolve the marriage contract. Our Civil Code, as adopted and amended, is to be construed as a harmonious whole.

"All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the Constitution, but also in connection with other statutes on the same subject, and, under certain circumstances, with statutes on cognate and even different subjects." 36 Cyc. 1146.

Again: "Every statute is to be construed with reference to the general system of laws of which it forms a part." 36 Cyc. 1144.

The referee in the instant case was appointed and acted in accordance with the provisions of Section

838, Or. L.   He took the testimony of the witnesses and reported it to the court.   The findings of fact and conclusions of law were made by the court, and the decree was based thereon.   The trial was by the court, and not by the referee.   The court acquired jurisdiction of the parties and of the subject matter of the suit.   The referee was an officer of the court, clothed with power to take the testimony and report it to the court: *Anthony* v. *Hillsboro Gold Mining Co.*, 58 Or. 258 (113 Pac. 442, 114 Pac. 95); *In re Level*, 81 Or. 298 (159 Pac. 558).   Hence, it follows that by making the reference the court did not lose jurisdiction of the subject matter of the suit.

4. The plaintiff, through her counsel, says that the judge signed the decree while in an adjoining county in his district.   The matter alleged in the reply in reference to the judge's whereabouts constitutes a collateral attack on a lawful decree.   But for authority for making and entering a decree in an adjoining county of the district, see General Laws of Oregon, 1923, Chapter 195, reading:

" * * Any judge of the circuit court of the state of Oregon may grant defaults, judgments and decrees, interlocutory orders, provisional orders, hear and decide demurrers, motions and other pleas, at chambers, at any place within his district as fully and effectively as though rendered and performed in open court; in the case of orders, findings, judgments and decrees other than orders not now required to be filed and entered with the clerk of the court before becoming effective if signed other than in open court, the same shall be transmitted by the judge to the clerk and filed by him and entered, and shall be effective from the date thereof."

AFFIRMED.

This case is affirmed, without costs.

BEAN, RAND and COSHOW, JJ., concur.