Argued October 6, affirmed November 18, 1964

# LANTIS *v.* LANTIS
396 P. 2d 755

*Bruce W. Williams,* Salem, argued the cause for
appellant. On the brief were Williams & Skopil, Salem.

Eichsteadt, Gutzler, May & Bolland, Woodburn, filed a brief for respondent.

Before McAllister, Chief Justice, and Rossman, Sloan and Goodwin, Justices.

SLOAN, J.

Defendant appeals from a decree ordering him to specifically perform a marital property settlement agreement that had been made between the parties prior to a contemplated divorce.

The essential facts are these: In July 1961, the parties, experiencing marital turmoil, executed a property settlement agreement. The provisions for the division of the property are not material in this case. However, the concluding paragraph of that agreement stated:

"* * * This writing however, is not an agreement for a divorce. This contract is intended as a full, complete, and final settlement of property rights between the parties, and shall be regarded and enforced as such whether the parties hereto shall or shall not be divorced."

Later, plaintiff initiated a divorce proceeding in the circuit court for Yamhill county. After a trial in the divorce proceeding, plaintiff's complaint was dismissed. Thereafter, plaintiff went to Nevada for the purpose of establishing residence and obtaining a divorce in that state. She also filed the instant suit for the specific performance of the contract. Defendant's answer to the complaint herein was a general denial. The instant case was heard by the trial court in March 1963.

As near as we can glean from the record before

us defendant's sole contention at the trial of the instant case was that the trial court did not have jurisdiction of the proceeding. We are unable to understand upon what basis it could have been contended that the trial court lacked jurisdiction. The subject matter was patently within the power of the court to hear and determine; the parties were obviously before the court. At the trial, defendant objected to the introduction of any evidence, for the reasons just stated, and for the same stated reason declined to present any evidence in defense.

Subsequent to the trial in the case before us, and after the trial court had decided in favor of plaintiff, the plaintiff was awarded a decree of divorce in Nevada. Following that, defendant asked the trial court to take additional evidence and at a supplemental hearing defendant introduced into the record of the instant case authenticated copies of the Nevada divorce proceedings. At the same supplemental hearing defendant then moved the court to make a specific finding that the trial court did have jurisdiction of the instant case. Defendant then contended to the trial court that the supplemental record required the court to reverse its previous decision in this case. The record contains no explanation or reason for this change of defendant's position as to the jurisdiction of the trial court, nor does it appear in the trial court record what purpose or reason defendant had for introducing the Nevada proceedings. At the time of this supplemental hearing there were discussions off the record. So we are not advised as to what particular relevance defendant claimed for the material then submitted to the trial court.

■ In his appeal here defendant argues that the Nevada divorce decree, by some unexplained theory,

worked an estoppel against plaintiff in the instant case. There was no pleading or evidence in the trial court asserting any claim of estoppel. Estoppel by judgment must be pleaded and proved with particularity. *Winston Bros. Co. v. Galloway,* 1942, 168 Or 109, 112, 121 P2d 457.

■ The complaint for divorce in Nevada was filed after the complaint was filed in the instant case. And this case was decided by the trial court prior to the date of the Nevada decree. What effect, if any, the Nevada proceeding may have had upon the instant case we do not decide. We hold that the issue is not before us. It appears to require repetition that this is a court of review. We pass upon only the questions presented to and decided by the trial court. The record before us fails to show that any of the issues argued here were pleaded or presented to the trial court.

■ Defendant cites two Kansas cases, *Calkins v. Calkins,* 1942, 155 Kan 43, 122 P2d 750, and *Mitchell v. Mitchell,* 1951, 171 Kan 390, 233 P2d 517. The two cases hold that by Kansas divorce procedure a failure by a party to allege and have property rights of the parties determined in a divorce case will bar later independent actions for that purpose. The Kansas cases are not in accord with our own decisions. *Hagen v. Hagen,* 1951, 193 Or 369, 381, 238 P2d 747, *Delp v. Schiel,* 1960, 223 Or 267, 274, 354 P2d 299.

For the reasons stated the decree is affirmed.