Argued January 5, reversed March 11, 1976

# BLACK, *Respondent,*
## *v.*
# BLACK, *Appellant.*
546 P2d 1074

*James K. Belknap,* Portland, argued the cause and filed briefs for appellant.

*Thomas A. Huffman* of Huffman & Zenger, Hillsboro, argued the cause and filed a brief for respondent.

HOLMAN, J.

## HOLMAN, J.

Plaintiff and defendant had previously been wife and husband. Plaintiff brought an action upon a property settlement for a portion of the proceeds of the sale of what had been the family home. The agreement had been entered into by the parties in contemplation of divorce. Defendant appeals from a judgment for plaintiff which resulted from a trial by the judge without a jury.

Defendant, the then husband, brought a suit for divorce. Plaintiff was served but made no appearance. The divorce complaint requested that the parties become tenants in common of the family home and that the wife be given the right to its use as long as it was being used to raise the minor children of the parties, but that it thereafter be sold and its proceeds distributed as follows:

"A. Cost of the sale,

"B. Obligation to the United States Veterans Administration,

"C. Obligation to Dorathea and Herbert Black [parents of the husband],

"D. Proceeds split evenly between the parties."

The husband's lawyer then drew the property settlement agreement upon which this action is brought. It was submitted to the wife by the husband and signed by them. The wife was unrepresented. The agreement provided that each was to have a 50 percent interest in the family home; the wife had the right to remain in the home as long as it was being used to raise the minor children of the parties; and the husband would maintain on a current basis the Veterans' loan against the home as long as it was so being used or until such time as the parties agreed that the property be sold. Nothing was said in the agreement concerning the responsibility for the payment of the Veterans' loan upon sale of the property, the payment of any indebtedness to the husband's parents, or the division of the proceeds upon sale.

A default divorce was taken by the husband at a time when the wife was present in the courtroom as an observer. The court approved the property settlement but the decree provided that upon sale of the family home the proceeds should be treated as requested in the complaint and directed that the indebtedness to the husband's parents be paid from the proceeds of the property when it was sold. Plaintiff testified that she was hard of hearing and unable to hear when she attended the default divorce, and that she was never given a copy of the divorce decree and did not know what was in it. A transcript of the testimony of the divorce hearing discloses there was no testimony with specific reference to a division of the proceeds of the family home upon sale.

Plaintiff remained in the home until the children were emancipated, at which time it was sold by the mutual agreement of the parties. The present dispute then arose concerning the disposition of the proceeds of the sale. Plaintiff had no objection to the deduction of the Veterans' mortgage. She asserted, however, that she knew nothing of any debt to defendant's parents and insisted that the amount of the claimed indebtedness not be deducted. Defendant testified that the money had been advanced by his parents and that most of it had been used to repair and enlarge the home in question. He admitted there was no written evidence of the indebtedness which he claimed was $6,800. The trial judge denied him the right to pay his parents from the proceeds of the sale and gave judgment to plaintiff for one-half of that sum, or $3,400 (less an offset about which there is no dispute) against defendant, who has held the $6,800 pending this litigation. It is this judgment from which appeal is taken.

The sole issue is whether the $6,800 may be deducted from the proceeds of the sale and paid to defendant's parents. The divorce decree directs that it be so deducted; the property settlement agreement

makes no provision for it. ORS 107.100(4)[1] was the source of the divorce court's authority to dispose of the family home and its proceeds. It provided:

> "Whenever a marriage is declared void or dissolved, the court shall make such division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances, * * *."

In *Esselstyn v. Casteel et al,* 205 Or 344, 355, 286 P2d 665, 288 P2d 214, 288 P2d 215 (1955), this court had the following to say about the power of the court:

> "Pointing to the absence of any provision in the contract [property settlement agreement] for the entry of a judgment, the defendant says that there is no judgment because the parties intended none. We think that the argument is beside the point. The question is not whether the parties intended that a judgment should be entered, but what the court intended. * * * As we have seen, the court had power to grant a judgment to effectuate an award of property to the plaintiff. It might have made the agreement of the parties the basis for such an award, or, instead, it might have adopted any other measure that appeared to it to be equitable under the statute. Even though the parties had expressly stipulated against the entry of a judgment, the jurisdiction of the court could not have been by that means limited, since it is the statute, not an agreement of the parties, which is the source of its power * * *."

Although the court in *Esselstyn* did not deviate from the basic division of the property provided by the settlement agreement, its language demonstrated the power of the divorce court to dispose of the property as an equitable distribution requires. Where, as in this case, the court has jurisdiction of the parties and a division of property is requested, it has authority to make such division as the equities require. An attempt thereafter by one of the parties to bring an action upon the property settlement agreement, the provisions of which are inconsistent with the court's distribution, is a collateral attack upon the court's decree. The follow-

---

[1] Substantially the same language is now found in ORS 107.105(1)(e).

ing language from *Nicholson v. Nicholson,* 113 Ind 131, 15 NE 223 (1888), was cited with approval in *Steiwer v. Steiwer,* 112 Or 485, 489, 230 P 359 (1924):

> "A judgment rendered by a court having complete jurisdiction must be regarded by the parties thereto as speaking the exact truth in respect to all matters which were involved in the issue in that proceeding so long as the judgment remains in force. However a judgment may have been obtained, unless it is void it cannot be ignored and the rights of the parties again inquired into in a collateral proceeding."

In *Steiwer,* the husband had been granted a divorce and custody of the children pursuant to a settlement. The wife thereafter brought a divorce proceeding against her husband and asked for custody and support money, claiming that the first divorce was procedurally defective.

The above authorities are not inconsistent with those cases, such as *Hagen v. Hagen,* 193 Or 369, 238 P2d 747 (1951), which hold that a party may sue on a property settlement subsequent to a decree of divorce where no provisions for the disposition of the matter in question was made in the decree. In the present case the divorce court made specific disposition of the proceeds of the home in the event of sale. Plaintiff may not thereafter collaterally attack that disposition by asserting a prior property settlement agreement which is inconsistent therewith.

■ This does not mean that if fraud, misrepresentation or mutual mistake occurred in the entry of the decree of which plaintiff was justifiably unaware, plaintiff is without a remedy. Within a reasonable time after discovery, a suit in equity may be brought directly attacking the divorce decree. *Fain v. Amend,* 164 Or 123, 131, 100 P2d 481 (1940); *Froebrich v. Lane,* 45 Or 13, 22, 76 P 351, 106 Am St R 634 (1904).

■ Plaintiff claims the decree "merely recites the existence of an obligation" and, therefore, is not attacked by this action. The decree in the divorce case

provided for a division of the property and a disposition of the proceeds in payment of the obligation in case of sale, both of which are within the authority of the divorce court. The decree provided:

"* * * Defendant may live there as long as she uses the residence to raise the minor children of the parties. Thereupon, the house will be sold and its proceeds distributed as follows:

"A. Cost of sale,

"B. Obligation to the United States Veterans' Administration,

"C. Obligation to Dorothea and Herbert Black in the amount of $6,800.00,

"D. Proceeds split evenly between the parties."

Plaintiff's contention, therefore, is not well taken.

The judgment of the trial court is reversed.