# BROWN, *Appellant,*
## *v.*
# BROWN, *Respondent.*
## (No. 76-7217, SC 24732)

563 P2d 721

Rees C. Johnson, Portland, argued the cause for appellant. With him on the brief were Stanley E. Sharp, and Shannon, Johnson & Sharp, Portland.

No appearance for respondent.

Before Denecke, Chief Justice, and Tongue, Bryson, and Davis, Justices.

DAVIS, J., Pro Tempore.

**DAVIS, J.,** Pro Tempore.

This is a suit commenced by the former husband of defendant to quiet title to a home once held by them as tenants by the entirety or, in the alternative, an "order for defendant to execute a deed conveying her interest in said property to plaintiff."

The trial court sustained a demurrer to the complaint on the "ground that it affirmatively appeared on the face of the complaint that the court lacked jurisdiction of the subject matter of the suit." Plaintiff refused to plead further and appeals the trial court's ruling.

Plaintiff and defendant purchased the house in question in May, 1972. The following year, in May, they decided to dissolve the marriage and without legal advice purchased a "do-it-yourself" divorce kit. Defendant filed a petition for dissolution of marriage and incorporated in the petition the following language:

> "* * * It is ordered that the home and property located at 917 Laurelwood Drive, Oregon City, Oregon will be the sole property of the respondent. Also that all other real property jointly owned will become the sole property of respondent."

Plaintiff did not appear at the time of the dissolution proceeding, depending upon the defendant's representation that the decree would provide that the family residence would be plaintiff's "sole property." The decree failed to provide for this provision or any provision with respect to the disposition of the residence or any other property owned by the parties.

According to plaintiff, defendant promised, on several occasions, to release her interest in the house but to the present time has not done so.

Plaintiff, in his brief, mentioned that he attempted to have the dissolution decree modified to reflect the agreement of the parties but the court ruled that it lacked jurisdiction. The record before us does not

include the transcript of the divorce proceeding, the petition for modification of the decree, nor the court's ruling on this petition.

■ Since the court, in the divorce proceeding, made no award to the plaintiff of his wife's interest in the property, the decree dissolving the marriage resulted in converting this property from a tenancy by the entirety to a tenancy in common. *Brownley v. Lincoln County,* 218 Or 7, 343 P2d 529 (1959).

In *Protrka v. Palmer,* 246 Or 467, 472, 423 P2d 514 (1967), we stated:

"The statutory power of a court of equity to divide real property between husband and wife when it grants a divorce or a permanent separation is based upon jurisdiction of the marriage. But in a court of domestic relations there can be no compulsory division of real property between spouses except in a decree of divorce or permanent separation. See *Rothwell v. Rothwell,* 219 Or 221, 232, 347 P2d 63 (1959), and *Gooden v. Gooden,* 180 Or 309, 176 P2d 634 (1947).

"A court hearing a suit to quiet title to land has no jurisdiction of a marriage as such, and, accordingly, it has no incidental power to divide property between cotenants, either during marriage or after they become tenants in common by reason of a divorce. * * *.

"Assuming the broadest range of the power of the court sitting to hear a suit to quiet title to land, equity nonetheless is said to follow the law. *First Nat. Bk. v. Multnomah Lbr. & Box Co.,* 125 Or 598, 623, 268 P 63 (1928)."

■ It is apparent that the trial court relied on *Protrka v. Palmer, supra,* in sustaining defendant's demurrer to the complaint and did not consider plaintiff's alternative prayer for relief pleaded, as follows:

"Plaintiff has no adequate remedy at law and prays that the court decree that defendant has no interest in the real property, *or in the alternative, order defendant to execute a deed conveying her* interest in said property to plaintiff * * *." (Emphasis added.)

In oral argument plaintiff conceded that a court in equity could not, in a suit to quiet title, make the same sort of equitable division of assets that is possible in a dissolution proceeding. Plaintiff then stated, however:

"* * * We're not asking for that, we're asking for enforcement of an agreement of the parties made in contemplation of the decree [of dissolution] but not included in the decree. * * *."

We conclude that these allegations in the complaint and the prayer were sufficient to confer jurisdiction upon the lower court. We have held on several occasions that where a decree of dissolution does not incorporate a property settlement agreement, or include the terms of that agreement, a party may bring a suit to enforce his rights under the agreement. *Lantis v. Lantis,* 239 Or 126, 128, 396 P2d 755 (1964); *Black v. Black,* 274 Or 359, 364, 546 P2d 1074 (1976).

It follows that the order dismissing the case must be reversed, and it is remanded for further proceedings in accordance with this opinion.

Reversed.

Costs to neither party.